## FREEMAN-SIPES CO. v. HENSON.

No. 604. Opinion Filed July 12, 1910.

(110 Pac. 909.)

TRIAL—Direction of Verdict — Controverted Question of Fact. The trial court cannot direct a verdict when it is necessary to weigh the evidence to determine where the preponderance lies.

(Syllabus by the Court.)

*Error from Garvin County Court; W. B. M. Mitchell, Judge.*

Replevin by the Freeman-Sipes Company against Jabe Henson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*U. M. Jones* and *A. F. Pyeatt,* for plaintiff in error.

KANE, J. This was an action in replevin, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, to recover possession of two mules. The petition alleged, in substance, that plaintiff has a special ownership in the following described property, by virtue of one certain chattel mortgage, etc., and that said property is wrongfully detained by the defendant. The answer was a general denial. Upon the issues thus joined the cause was tried to a jury. After both sides had introduced their evidence and rested, counsel for defendant moved the court to instruct the jury to return a verdict for their client, which motion was by the court sustained, and thereupon the jury returned a verdict in favor of the defendant, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

We are not favored with a brief on behalf of the defendant in error, and the record does not show upon what grounds the court instructed the jury to return a verdict in his favor. The evidence shows that the defendant purchased the mules in controversy from one George Pitchlynn, who had previously mortgaged them to the plaintiff; that said mortgage was duly recorded or filed for record, as required by law. There seems to be no controversy on this point. W. M. Freeman, president of the Freeman-Sipes Company, the plaintiff, testified that George Pitchlynn, the maker of the mortgage, owed on the note, which was secured by said mortgage, at the time this suit was commenced, the sum of $192. George Pitchlynn testified that he did not owe the plaintiff anything on the note and mortgage at that time. There was considerable other evidence introduced at the trial, but it seems to us the foregoing was sufficient to carry the case to the jury. It is an elementary principle of law that the trial court cannot direct a verdict when it is necessary to weigh the evidence to determine where the preponderance lies. It was error for the court to do so in this case.

Counsel for plaintiff in error request the court to pass on the fifth assignment of error, wherein they requested the trial court to give certain instructions. We will not pass upon the correctness of any instructions at this time. Upon the court below being advised that this is a proper case to be submitted to a jury, it no doubt will give whatever instructions the nature of the case requires, if the case is again tried to a jury.

The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.