## McINTIRE v. KING et al.

No. 12702—Opinion Filed Jan. 22, 1924.

Rehearing Denied April 1, 1924.

1. **Sales—Caveat Emptor — Fraud--Repre-entations—Truth Not Readily Ascertain-able.**

At the time of sale of a flock of sheep. vendor's agent stated that such sheep were from two to four years old and would clip an average of eight pounds of wool per sheep. Vendees had no experience in hau-d'ing sheep and had little knowledge of the qualities of such animals.

In an action for fraud based upon such representations, held, that if such represen-tations were false, vendor cannot invoke caveat emptor against such fraud, and ven-dees were entitled to rely upon such repre-sentations; that the falsity thereof was not

readily ascertainable; that vendees were not precluded from recovering damages by reason of the fact that they had opportunity to investigate for themselves and did not do so; that the parties were not on equal footing.

2. **Same—Sale of Sheep — Statement as to Amount of Wool Clip Admissible.**

In an action for damages for fraud in the sale of sheep, false statement by the vendor that sheep would clip an average of eight pounds of wool, when taken in connection with the other evidence, held, at least to present jury question whether the representation was one of fact.

3. **Same—Waiver or Estoppel of Vendee by Conduct—Pleading—Necessity.**

Error cannot be predicated on the conduct of vendees amounting to ratification, waiver, or estoppel unless pleaded.

(Syllabus by Estes. C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Adair County; E. B. Arnold, Judge.

Action by Lona McIntire against C. L. King and A. W. Sanders to recover on note. Defendants pleaded fraud and failure of consideration. Judgment for defendants, and plaintiff appeals. Affirmed.

R. C. Cochran and Otho T. Gilbertson, for plaintiff in error.

W. L. Chase, W. A. Woodruff, and Horton & Horton, for defendants in error.

Opinion by ESTES, C. Lona McIntire, plaintiff in error, as plaintiff, sued A. W. Sanders and C. L. King, defendants in error, as defendants, in the district court of Adair county for $2,981, balance, due on a promissory note for $5,686, given to McIntire Sheep & Goat Commission Company. Defendants admitted the execution of the note, and pleaded damages for fraud against the plaintiff to the amount sued for, praying cancellation of the note and chattel mortgage given to secure the same. Plaintiff became owner of said note from said company. Judgment on verdict of jury was for defendants, from which plaintiff appeals.

McIntire Sheep & Goat Commission Company owned about 250 sheep on pasture near defendants. The agent of said company took defendants to inspect said sheep. Sale of these sheep, together with about an equal number to be shipped later, was made to defendants, in payment for all of which said note and mortgage were executed. In about two weeks the additional sheep were delivered. Defendants alleged that the agent of plaintiff falsely represented and stated to defendants, at the time of the inspection of said first flock, that said sheep were from two to four years of age and would shear an average of eight pounds of wool per sheep. They alleged all other essential elements of fraud in connection with said representations. The evidence tends to show that said sheep were, for the most part, six years old and more, and toothless from age; that the wool clip was less than two pounds per sheep. They pleaded, and there was some evidence to support, other alleged false representations, but the court submitted the case to the jury on the said two alleged false representations only. Defendants testified that they had had no experience whatever in handling sheep and had no knowledge of sheep to enable them to judge age or the quantity of wool clip; that they relied solely on the representations made by such agent and so advised him at the time.

1. It is contended that the doctrine of caveat emptor applies—that defendants had about two or three weeks in which to examine said first lot of sheep before receiving the second lot thereof and had ample opportunity to determine their ages and the quantity of wool clip; that they were not prevented from such inspection by plaintiff, her assignor or agent. If the said representations as to age and wool clip were false, and contributed to induce defendants to execute said note and mortgage, plaintiff cannot invoke caveat emptor against such fraud. Also, defendants were entitled to rely upon such representations if their falsity was not readily ascertainable. O'Quinn et al. v. Nothaff, 85 Okla. 215, 205 Pac. 498. The doctrine of caveat emptor only requires the purchaser to use reasonable diligence to avoid deception and reasonable diligence depends upon all the circumstances attending the transaction. Id. At the time said sheep were being inspected, said agent told defendants said sheep were from two to four years of age and would clip an average of eight pounds of wool. It was spring of the year and said sheep were poor in flesh. The falsity of such representations was not readily ascertainable. Defendants did not undertake to make an independent investigation to determine the truthfulness of said representations, although said agent did not prevent further investigation. If defendants had made such independent investigation it would only raise a presumption that they relied upon their own judgment and not upon such representations. Such presumption would not be conclusive and would not be one of law. 26 C. J. 1163; O'Quinn et al. v. Nothaff, supra. While said sheep were be-

ing sheared, several weeks after said purchase, it was discovered that said sheep, for the most part, were toothless from age, the evidence tending to show that they were thus six years old or more. Moreover, the parties in this case did not stand on an equal footing. They did not have equal means of knowledge. A friend of the defendants who was acquainted with the sheep business and had had experience in handling sheep told defendants, after said second lot was delivered, that said sheep were too old and didn't have much wool on them. It is contended by plaintiff that this information was imparted to defendants prior to the final execution of said note sued upon. Even if this were true it was for the jury to determine, as it did under proper instructions, whether defendants relied upon the alleged false representations or were guilty of negligence in not relying and acting upon such other statements. These, and all other questions about which complaint is made, were submitted to the jury on instructions which seem to be correct and no exceptions were taken or saved by plaintiff thereto. Under well known rules, plaintiff is concluded by the verdict.

2  It is next contended that said representations were matters of opinion and not actionable. Clearly the statement as to the age of said sheep was a representation as to an existent fact. The statement that said sheep would clip eight pounds of wool each looks to the future, and partakes of the character of opinion. Fraud cannot be predicated up the vendor's statements which amount to mere expression of opinion as to value, where the parties are on equal footing. Wyrick v. Campbell, 67 Okla. 240, 170 Pac. 267. Under the testimony, defendants were quite ignorant on the subject of sheep and were not on an equal footing with said agent. Even though it be assumed, without deciding, that the court could not say as a matter of law that the statement as to the amount of wool clip was the representation of a fact, it must be conceded that the court could not say as a matter of law that same amounted to nothing more than the expression of an opinion; and hence it became at least a question for the jury to decide whether same was the expression of an opinion or the representation of a fact. Ward v. Jensen (Ore.) 170 Pac. 538, 540. In other words, said statement was either as a matter of law a representation of a fact or it presented a question for the jury to decide whether it was only an expression of opinion or the representation of a fact.

3.  It is next contended that defendants waived the alleged fraud in the sale of said

sheep and ratified the contract by shipping the wool, after the same was clipped, to the plaintiff, and also thereafter shipping the sheep to plaintiff and receiving credit on said note for all of same, done after the discovery of the alleged fraud. These matters were in fact submitted to the jury, but plaintiff did not plead the same as a ratification of the transaction, or waiver, or estoppel. While plaintiff thus had the benefit of these matters, she cannot here complain because of her failure to plead the same. 27 C. J. 40.

It is unnecessary to notice the other assignments of error. The judgment should be, and is, affirmed.

By the Court: It is so ordered.