**HOLCOMBE & HOKE MFG. CO. v. WATERS et al.**

No. 13877—Opinion Filed March 31, 1925.

**1. Appeal and Error—Necessity for Preserving Error.**

There can be no question of error for

this court to consider without a rule of the trial court is invoked by proper procedure and an exception taken and saved in the record.

**2. Trial—Province of Jury—Questions of Fact.**

Controverted questions of facts in actions of law are for the jury and not for the court to determine.

**3. Appeal and Error—Questions of Fact—Verdict—Rescission of Contract.**

As to whether a party has rescinded the contract promptly and restored or offered to restore everything of value, under section 5079, C. S. 1921, are questions for the jury to determine, under the facts and circumstances of the case, and the verdict will not be disturbed on appeal where there is any evidence in the record tending to support the same.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Custer County: Thomas A. Edwards, Judge.

Action by Holcombe & Hoke Manufacturing Company, a corporation, against Harry Waters and Nova Waters on note. Defendants denied liability, by failure of consideration, and, by cross-petition, asked for damages for breach of warranty. Judgment for defendants, and plaintiff appealed. Affirmed.

A. E. Darnell, for plaintiff in error.

Phillips & Mills and Meacham & Meacham, for defendants in error.

Opinion by THREADGILL, C. The action in this case was commenced May 28. 1921, by plaintiff in error, as plaintiff, against defendants in error, as defendants, to recover on a note dated July 25, 1920, in the sum of $892.50, with 6 per cent. interest from date and 15 per cent. as attorney's fee. The note was to be paid $25.20 each week after date, commencing two weeks from date, and provided in case of default in any payment. the holder, at its option, could declare the whole amount due. The petition alleged these facts, and further stated that the defendants made default in payment, and plaintiff had exercised its option and declared the whole amount due and unpaid with interest and attorney's fee, for which it asked judgment. It attached a copy of the note to the petition. The defendants answered by general denial, and then stated that they admitted the execution of the note, but denied liability on the same. They pleaded that the note was given pursuant to a written contract in

which they bought from plaintiff a certain number 3 E. F. Butter Kist popcorn machine and S. P. A. price $1,092.50; that at the time of the purchase they paid $200 in cash and the note was given for balance of purchase price; they plead an implied warranty that the machine would be reasonably adapted to the purpose for which it was intended, which was popping corn and roasting peanuts to be sold at retail on street and in the place of business, and immediate delivery to the trade, and running what is known as a popcorn and peanut stand; they plead, further, breach of this warranty by failure of the machine to pop corn or to roast peanuts; they plead damages in the sum of $200 with 6 per cent. interest from June 10, 1920; they plead rescission of the contract. They stated that they notified plaintiff of the condition of the machine and then set it aside and made a tender of the same to plaintiff, which was refused. They asked for cancellation of their note and for damages in the sum of $200, with interest from June 10, 1920. There was a reply of general denial. On November 17, 1921, the cause was tried to a jury and resulted in a judgment for defendants in the sum of $200 with 6 per cent. interest per annum from June 10, 1920, and from this judgment the plaintiff appeals by petition in error and case-made, asking for a reversal and new trial, and for this purpose it urges three grounds of error:

(1) In the first place, plaintiff contends that the court erred in overruling its motion for judgment on the pleadings. The record discloses that plaintiff filed such a motion on August 20, 1921. but the record fails to show that this motion was ever presented to or passed on by the court and no exception was taken. There can be no question of error for this court to consider without a rule of the trial court is invoked by proper procedure and an exception taken and saved in the record. According to the record before us the motion was waived and there was no error for this court to consider. Byers v. Burton, 93 Okla. 211, 220 Pac. 476; Security Benefit Association v. Lloyd, 97 Okla. 39, 222 Pac. 544.

(2) In the second place, plaintiff contends that the court erred in refusing to give its requested instruction for judgment in its favor at the close of the evidence.

The defendant's answer raised the issue of breach of implied warranty, notwithstanding the silence of the contract in this respect between the parties, and this was a proper defense Nettograph Mach. Co. v.

Brown, 28 Okla. 436, 114 Pac. 1102; Obenchain v. Roff, 29 Okla. 211, 116 Pac. 782.

The evidence tended to show that the machine failed to pop corn and butter it or roast peanuts. and, after working with it for several days, the defendants set it aside and notified the plaintiff that it did not work and offered to turn it back to the company. There was also evidence tending to show they did not know how to operate the machine and did not try to learn, and the controverted issues were for the jury and not for the court. There was no error on this point. Jackson v. Kincaid, 4 Okla. 554; Richardson v. Fellner, 9 Okla. 513; Freeman-Sipes Co. v. Henson, 26 Okla. 799, 110 Pac. 909; W. O. W. v. Welch, 16 Okla. 188.

(3) The plaintiff further contends that the evidence was not sufficient to show a rescission of the contract. We do not think it was necessary to prove rescission in defending against the note by proving breach of implied warranty on failure of consideration, nor was it necessary to prove rescission as a condition to recover damages for breach of warranty. Rosenbaum Grain Co. v. Pond Creek Mill & Elevator Co., 22 Okla. 555. 98 Pac. 331; 2 Mechem on Sales, sec. 1811; Dayton v. Hooglund, 39 Ohio St. 671; Graff v. Osborne & Co., 50 Kan. 122, 42 Pac. 704.

It is true this issue was covered by defendants' answer that stated they set the machine aside and made a tender of it to plaintiff, but plaintiff ignored said tender and refused to repair the machine or accept the tender thereof. The evidence on this issue shows that the defendants received notice from some collecting agency demanding payment on the note and they wrote a letter in reply that the machine would not work and explained the conditions. The evidence further shows the attorney for plaintiff called on defendants for payment, and one of them told him that the machine was there and he could have it any time he wanted it. This evidence was not denied. On the question of rescission. section 5079, Compiled Statutes, 1921, provides:

"Rescission. when not effected by consent. can be accomplished only by the use on the part of the party rescinding. of reasonable diligence to comply with the following rules:

"First. He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace. undue influence, or disability, and is aware of his right to rescind; and,

"Second. He must restore to the other party everythng of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses. to do so."

We think the evidence was sufficient to go to the jury for their determination, as to whether or not the defendants made a tender of the machine to the plaintiff, and in compliance with the statute, and the jury having determined this issue by their verdict, and the court having approved it by its judgment, this court will not disturb the same.

We, therefore, recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.