## PLUMBERS SUPPLY CO. v. STANDARD PAVING CO. et al.

No. 17805. Opinion Filed Jan. 17, 1928.

Rehearing Denied Feb. 26, 1929.

G. C. Spillers, for plaintiff in error.

Allen, Underwood & Smith, H. O. Bland. and H. L. S. Halley, for defendants in error.

LESTER, J. The parties appear on appeal in the same position as in the district court.

Plaintiff brought an action for damages in the sum of $10,000 against the Standard Paving Company, the United States Fidelity & Guaranty Company, and the city of Tulsa. The plaintiff alleged that the defendants were negligent in the digging of a ditch near the plaintiff's property, and that on account of said negligence the west wall of plaintiff's building thereby settled and cracked. The cause was tried to the court and jury. Judgment was rendered in favor of the defendants, from which judgment the plaintiff prosecutes an appeal to this court.

The plaintiff presents two propositions as ground for reversal. The first proposition includes the submission by the court of instructions numbered 7, 12, and 13. Proposition No. 2 of the plaintiff embraces alleged error upon the part of the trial court in refusing to grant a new trial on account of newly discovered evidence.

The court's instruction No. 7 is as follows:

"You are further instructed that all of the evidence introduced in this case indicates and proves that the defendant Standard Paving Company carried out and performed the work in connection with the water line in question in strict compliance with the plans and specifications therefor prepared by the defendant city of Tulsa, and you are further instructed that no complaint is made herein by the plaintiff that there was any defect or imperfection in the plans and specifications for the construction of said water line; that recovery cannot be had by the plaintiff against the defendants, or either of them, upon the theory that the plans and specifications for the construction of said water line were defective, imperfect, or inherently dangerous to property abutting upon the street in which said water line was located."

Plaintiff in error has failed to point out any evidence sustaining the theory that the installation of the water line near plaintiff's property was within itself the inherent cause of the injury to the plaintiff's building, or that the plans and specifications for the construction of said water line were within themselves the proximate cause of the injury to said building.

The plaintiff in his opening statement to the jury stated in part:

"The contractor knew the building was there, and did not attempt to protect the building against it, but dug the ditch and left it open, and that along in the spring of 1923, I think about February, or somewhere about that time, there was considerable rain, and this ditch filled up with water, and I believe the testimony will show that Mr. Holmes, who is an officer of the Plumbers Supply Company, went to the paving company representative and told them they better do something to keep that water out of the ditch."

As we view the case, it is clearly shown that the plaintiff below relied for his cause of action on the negligence on the part of the defendant the Standard Paving Company in permitting water to stand in the ditch for several days, and that the water soaked through the earth between the ditch and under the west wall of the plaintiff's building, thereby softening the earth, and causing the west wall of the plaintiff's building to sink and crack.

Plaintiff also complains that the giving of instructions numbered 12 and 13 was prejudicial error.

We have examined these instructions, as applied to the theory adopted by the plaintiff in the trial of the said cause, and we are unable to find any error on account of the submission of said instructions.

Plaintiff also complains that the court refused to grant a new trial after the discovery of new evidence.

We have carefully examined each of the affidavits submitted by the plaintiff relating to the alleged newly discovered evidence, and it clearly appears to us that the plaintiff did not use due diligence in procuring the same at the trial of said cause. The record shows that the ditch in which the water line was placed was within a few feet of the plaintiff's place of business, and if water accumulated in said ditch by reason of rains or other causes and remained in said ditch for the length of time complained of by the plaintiff, such fact could have been easily ascertained and established by the plaintiff. Unless a person uses reasonable diligence to obtain evidence necessary to sustain his cause at the trial, he will be precluded from thereafter taking advantage of such lack of diligence.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 38 Cyc. p. 1579. (2) 29 Cyc. p. 886; 20 R. C. L. p. 292; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096; 6 R. C. L. Supp. p. 1202. See "New Trial," 46 C. J. §222, p. 249, n. 30. "Trial," 38 Cyc. p. 1514, n. 47; p. 1515, n. 49.