## PICKENS v. PITTMAN.

No. 18226. Opinion Filed July 24, 1928.

(Syllabus.)

**Trial—Directing Verdict.**

The court may direct the jury to return a verdict where the undisputed facts are of such conclusive character that the court in its sound judicial discretion would be compelled to set aside the verdict returned in opposition to it. O'Neill v. Lauderdale, 80 Okla. 170, 195 Pac. 121.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by J. B. Pickens against Kate Pittman. Judgment for defendant, and plaintiff brings error. Affirmed.

Blount Coleman Trice, for plaintiff in error.

A. E. Montgomery, for defendant in error.

DIFFENDAFFER, C. This is an action commenced by plaintiff in error, plaintiff below, against defendant in error, defendant below, to recover the sum of $328.45, alleged to be the balance due upon an account for goods, wares and merchandise sold and delivered. A verified statement of the alleged account was attached to the petition as a part thereof. The first item on the statement was: "November 15, 1921, Bal. brought forward, $147.50."

Defendant filed a motion to make more definite and certain by stating the items making up this balance. The motion was sustained, and plaintiff amended by alleging an account stated as the balance brought forward, and an open account consisting of various items, dated from March 31, 1922, to May 19, 1923, aggregating, including the $147.80, $793.70. Credits were shown as follows: April 11, 1922, by check $7.75; June 23, 1922, by check $200; December 20, 1923, by check $250; and January 17, 1923, by goods returned $7.50, total credits, $465.-25, leaving a balance of $328.45, the sum sued for.

Defendant answered by general denial and cross-petition, in which she alleged payment in full of her indebtedness to plaintiff, and alleged specifically that, in addition to the credits given her by plaintiff, she had paid him by check on March 20, 1922, $316.05, and by check October 26, $42.50, which was in payment for a dress purchased on October 26th, and charged in the account, and that she had paid plaintiff two items charged to her January 10, 1923, $19; and that by rea-son thereof, defendant had overpaid plaintiff by mistake, in the amount of $49.10, for which sum defendant prayed judgment.

Plaintiff replied by general denial. Upon the issues thus joined a jury was impaneled, and defendant, assuming the burden, produced and introduced in evidence her canceled checks showing the payments credited to her on plaintiff's account, and in addition thereto introduced her canceled check, indorsed by plaintiff, for $316.05, dated 3-20-1922, and marked "Paid" by First National Bank of Pawhuska, March 21, 1922. She also produced and offered in evidence her canceled check for $42.50, dated October 27, 1922, payable to the order of J. B. Pickens, which was indorsed "Pickens Wear by J. B. P.".and marked "Paid" by Central National Bank of Tulsa, October 30, 1922. As to the payment of the item of $19, claimed in her answer and cross-petition, defendant offered no proof.

Plaintiff testified as a witness in his own behalf, admitted that he received the check for $316.50, admitted his indorsement on the back thereof, and admitted that his books did not show that plaintiff had received credit therefor. He also admitted the receipt of the check for $42.50, admitted his indorsement on the back thereof, and admitted that his books did not show that plaintiff had received credit therefor. He testified, however, that defendant might have come into his store on October 26th, and purchased a dress for $42.50, and had it charged, and come again on the 27th, and bought another dress or goods to the same amount and paid the cash therefor, but that he did not know and could not tell whether or not such was the case.

Defendant had testified positively that the $42.50 check was given in payment for the dress which had been charged to her, and that the payment was made on her account, and not for goods purchased at the time. When plaintiff made these admissions, and before he rested, the record shows as follows:

"The Court: Now, I will tell you you can make any record you want to make, but I am at this time going to instruct this jury to return a verdict here for the defendant in this case in the sum of $30.10. The evidence shows undisputed that she is entitled to a credit of $316.05 and of $42.50; and that amount taken from the amount sued for leaves a balance in favor of the defendant of $30.10. Now that will be the instruction of the court. Prepare a verdict, Mr. Reporter.

"Mr. Trice: We except. The Court: Gentlemen of the jury.

the undisputed testimony in this case discloses the fact that this defendant is entitled to a credit on this account of $316.05, and a further credit of $42.50; these two credits, taken from the amount claimed, leaves a balance in favor of the defendant in this case of $30.10. Therefore, she would be entitled to a judgment at your hands in the sum of $30.10; there is no dispute about the facts, and the court will instruct you to sign this verdict for the defendant.

"Mr. Trice: To the language and instructions of the court the plaintiff excepts."

The jury returned a verdict in accord with the instruction, and after motion for new trial was filed and overruled, judgment was entered upon the verdict in favor of defendant, and against plaintiff in the sum of $30.10, from which order and judgment, plaintiff appeals.

Plaintiff sets up 11 assignments of error, but they all go to the single proposition: Did the court err in directing a verdict?

In Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096, this court held:

"Court may direct verdict where facts undisputed or of such conclusive character that court in sound judicial discretion would be compelled to set aside verdict returned in opposition to it."

In O'Neill, Adm'x, v. Lauderdale, 80 Okla. 170, 195 Pac. 121, this court held:

"The court may direct the jury to return a verdict where the undisputed facts are of such conclusive character that the court in its sound judicial discretion would be compelled to set aside the verdict returned in opposition to it."

See, also, Moore v. Morris, 116 Okla. 224, 243 Pac. 933.

We do not think it could possibly be said, after plaintiff had made the admissions he had, that there were any facts in dispute, so that a court in the exercise of a sound judicial discretion could have upheld a verdict should the jury have returned one in favor of the plaintiff. Nor do we see how, under the facts admitted, a jury could have returned any other verdict than that directed by the court.

We think there was no error in directing the verdict, and that the judgment should be affirmed.

BENNETT, HERR, LEACH, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.