### FRAZIER et al. v. POWELL.

No. 23095.   Nov. 27, 1934.

Neal E. McNeill and Leander Hall, for plaintiffs in error.

Hamilton, Gross & Howard, for defendant in error.

PER CURIAM. Clyde M. Frazier and B. D. Lewis appeal from a judgment rendered in the court below, directing the jury to return a verdict for the defendant.

This action originated in the district court of Osage county, Okla., wherein the plaintiffs above named filed their petition seeking to recover damages against said defendant for an alleged breach of contract and agreement to convey certain interests in the mineral rights in certain lands in the state of Texas. At the close of all the evidence the trial court instructed the jury to return a verdict in favor of the defendant and against the plaintiffs, and from this judgment plaintiffs perfected their appeal.

This cause was tried on plaintiffs' third amended petition, defendant's answer to same, and plaintiffs' reply to said answer. The petition alleges, in substance:

That prior to January 8, 1929, defendant was the owner of an undivided seven-eighths of the oil and gas rights in and to the southeast quarter of section 28, block B-2, H. & G. N. survey, Gray county, Tex.; that on said January 8th, defendant advised plaintiffs of his interest in the mineral rights in and to said land, and listed the same with plaintiffs for sale, and that the plaintiffs spent considerable time and money to find a purchaser and to obtain capital with which to purchase or to develop the mineral rights. That on the 18th day of March, 1929, plaintiffs and defendant entered into an oral contract and agreement, whereby the defendant agreed to sell said undivided seven-eighths mineral right for the sum of

$35,000; $20,000 to be paid on the signing of the lease, and the remaining $15,000 to be paid when the first well was completed, or the alternative that in lieu of the said $15,000 the defendant would accept a quar-. ter overriding royalty if a well was drilled by July 14, 1929, to 3,300 feet, provided if oil or gas was found in paying quantities a well should be drilled every four months until a well had been drilled on each 40 acres; that plaintiffs accepted said proposition; reserved the right to elect on or before the 1st day of April, 1929, whether they would purchase the undivided seven-eighths interest outright, or accept the alternative of drilling a well and paying the overriding royalty; that for the purpose of specifying the terms of the oral agreement, the defendants executed a memorandum in writing and delivered the same to plaintiffs. Plaintiffs attach said memorandum as their exhibit B, but since it is set out in plaintiffs' exhibit C, later referred to and fully set out in this opinion, it is unnecessary to set same out here. Said petition further alleges "that plaintiffs orally accepted said offer, and on the 27th day of March, 1929, mailed to defendant their written acceptance, which is attached to the petition as exhibit $C_4$ and made a part thereof. That the written proposition of the defendant to plaintiffs on the 18th of March, 1929, was never revoked prior to the written acceptance of said plaintiffs. That plaintiffs were ready, willing, and able to pay the $20,000 on the execution of lease, and perform their part of the contract, the $15,000 when the well (first) was completed, and were further able to drill the well. That defendant advised the plaintiffs on the 28 day of March, 1929, that he had sold the property to third persons and would refuse to carry out his contract with them." It then alleges the amount of damages plaintiffs claim in the sum of $125,-000.

The answer of the defendant alleges, in substance:

"Admits that defendant was the owner of the mineral rights alleged in plaintiffs' petition, admits be wrote and signed the letter dated January 8, 1929, and says it was a mere offer to sell and nothing more, and he did not authorize the plaintiffs to use either the time or money to sell the property or to obtain capital to purchase or develop the same."

It also denies the existence of the oral contract alleged to have been made on the 18th day of March, 1929, and further pleaded that if the agreement was made, it was oral and void under the statute of fraud and not enforceable, and denied that his alleged offer was equally void and is not a perform-

ance that would take the oral agreement out of the statute of fraud. Also, in said answer, defendant admits "the execution of the written statement or letter dated March 18, 1929, and pleads the same was neither an option nor contract of sale, but was an offer, was given without consideration, and was not enforceable by reason thereof; that the same was not accepted, nor any performance made by the plaintiffs or either of them at the time, and the offer, not being based upon any consideration, was subject to be withdrawn by the defendant at any time and does not constitute a binding contract, or agreement." Defendant also "admits receiving exhibit C, mentioned herein, and says that the same varied the terms of the offer; that the offer was in the alternative and required an acceptance of one or the other of the alternative offers, and that plaintiff failed to designate which they accepted." Defendant further pleads there never was any acceptance of his offer, either oral or in writing, and they never offered to pay the consideration. Defendant also denies the ability of the plaintiffs to perform or respond to the offer to drilling a well 3,300 feet, although he says that the lack of ability is wholly immaterial for the reason that plaintiffs never accepted said offer. The defendant admits that in the latter part of March, 1929, he advised the plaintiffs that he had sold said property, but denies that he ever told them he refused their offer for the reason no offer was ever submitted. Defendant further answering denied each and every allegation contained in said petition, except what he specifically admitted.

Plaintiffs' reply was a general denial of all allegations contained in defendant's answer inconsistent with the allegations of plaintiffs' petition.

The trial court gave several reasons for instructing a verdict, and both sides raised several questions in their briefs concerning the right or lack of right of the court to so instruct the verdict for defendant, and plaintiffs in error set up five assignments of error, but they all go to the single proposition, "Did the court err in directing a verdict?" And the only real question for the court to determine is, "whether or not there was an offer to sell on the part of the defendant and an acceptance on the part of the plaintiffs."

The court below was very liberal in permitting plaintiffs to introduce oral conversations concerning their alleged **contract** with defendant, and it is true the plaintiffs testified that they orally. on March 18, 1929, accepted one of the propositions offered by defendant on said date, but taking their

testimony as a whole, it is conflicting on that point, and defendant positively denied such an oral acceptance. And also plaintiffs allege and admit that they prepared and mailed said exhibit C, hereinafter referred to and set out in full, and also that they paid defendant no money whatsoever for his offer. And in view of the pleadings and all the testimony for both plaintiffs and defendant, it was conclusively proved that whatever agreement there was to sell and whatever acceptance there was is set out in a certain instrument, the same being a registered letter prepared and mailed by plaintiffs to defendant on March 27, 1929, a copy of which instrument is attached to plaintiffs' third amended petition and marked exhibit "C," and which. original instrument was introduced by plaintiffs during their testimony and as a part of their case, and for the purpose of showing an offer and acceptance, and they are, of course, bound by its terms. It is, therefore, upon this evidence that this appeal must be determined. The instrument reads as follows:

"Wynona, Oklahoma
"March 27, 1929

"Dr. G. N. Powell
"Wynona, Oklahoma

"Dear Sir:

"Referring to your proposition to sell or lease the SE 1-4 of section 28, block B2, H & G N Survey, Gray county, Tex., beg to advise that as you know, we accepted your proposition when you handed us your letter of the 18th instant, and continued the efforts, which we had already been making under our oral arrangements, to consummate a deal whereby we could accept this proposition. These efforts, as you know, have been made at our own personal expenses.

"Again referring to this proposition, which is as follows:

"Wynona, Oklahoma
"March 18, 1929

"Mr. Clyde M. Frazier and B. D. Lewis,
"Wynona, Oklahoma

"Dear Sirs:

"I will make you a proposition on the SE 1-4 of section 28, block B2, H & G. N. Survey, Gray county. Tex. I will take thirty-five thousand dollars, twenty thousand dollars, to be paid on the signing of the lease, and the remaining fifteen thousand dollars to be paid when 1st. well is completed.

"Or I will take one-fourth overriding royalty with a well drilled by July 15th, 1929, to 3,300 feet, or a lesser depth if production of oil or gas is found in commercial quantities. If no production is found either oil or gas, other wells must be drilled or lease abandoned.

"If oil or gas is found in commercial quantities a well must be drilled every four months and continue until a well has been drilled on each quarter of the lease or a well on each forty acres.

"I will only give you until the 1st day of April to accept or complete in other words, a sale or a contract on this quarter.
"(Signed) G. N. Powell.

"We hereby accept all of the terms and conditions of this proposition, and request that you prepare and present to us a mineral deed and lease in line with and as provided in the above proposition. We will, at the time these are presented to us, decide whether we will buy your mineral rights outright or drill for oil and gas in line with your proposition. Title to lands to be approved by our attorney.
"Yours very truly,
"Clyde M. Frazier
"B. D. Lewis."

Indorsed on the back of said exhibits are the names "Frazier & Lewis."

There is no proof anywhere in the record and no contention on the part of the plaintiffs in error of any alleged acceptance after the date of said instrument, March 27, 1929.

One of the essentials to every contract is that there must be a meeting of the minds of the parties. The instrument referred to shows plainly that this essential element is wholly lacking. The defendant offers two alternatives to plaintiffs, and it was incumbent upon them to accept one or the other unqualifiedly and absolutely. Instead of doing this they accept neither, but request defendant to prepare and present to them a **"mineral deed and lease."** In other words, two different instruments, each evidencing the conveying of different characters and degrees of interest in the lands and rights of defendant, and when the two different kinds of conveyances are presented to plaintiffs they will **decide** whether they will accept one or the other. Plaintiffs, therefore, never agreed to accept both; of course, this would have been preposterous, and they never agreed to accept either one. Therefore, the minds of the parties never met on any definite proposition, and there was no contract upon which plaintiffs could maintain a cause of action.

In order that a contract may be valid, it is essential that the minds of the parties meet upon all the terms of the contract sought to be enforced, and the exact act to

be done must be clear. Axelrod v. Osage Oil & Ref. Co. (C. C. A.), 29 F. (2d) 712.

Also:

"An 'agreement' is a coming together of parties in opinion or determination; the union of two or more minds in a thing done, or to be done; a mutual assent to do a thing." Carter v. Prairie Oil & Gas Co., 58 Okla. 365, 160 P. 319.

Also see Sosbee v. Clark, 86 Okla. 198, 207 P. 732; St. Louis Smelting & Refining Co. v. Nix, 101 Okla. 197, 224 P. 982; Atwood v. Rose, 32 Okla. 355, 122 P. 929; Crosbie v. Brewer, 68 Okla. 16, 158 P. 388.

Of course, it is true as an abstract statement of law, as plaintiffs in error in their brief suggest, that:

"A motion for peremptory instruction to a verdict as directed by the court can only be granted where there is no material fact in dispute, and no theory of the case under the evidence, upon which the opposite party would be entitled to recover." Sovereign Camp Woodmen of the World v. Welch, 16 Okla. 188, 83 P. 547.

And again that:

"The trial court cannot direct a verdict when it is necessary to weigh the evidence to determine where the preponderance lies." Freeman-Sipes Co. v. Henson, 26 Okla. 799, 110 P. 909.

But the instrument herein referred to as plaintiffs' exhibit C was introduced by them, they are bound by it, and it shows on its face that they never legally accepted the offer of the defendant, and, therefore, there was no question for the jury to decide. Juries have for their purpose a decision of facts; the courts must determine the law in each case. There was no question of fact involved, and, therefore, the court was required to direct a verdict as was done herein.

"Whether or not a contract is implied from certain existing facts, is a question of law and not a question of fact." Mead Bros., Inc., v. State Industrial Comm., 144 Okla. 279, 291 P. 571.

Also see Maryland Casualty Co. v. Ballard, 126 Okla. 270, 259 P. 528; Pickens v. Pittman, 132 Okla. 64, 269 P. 347; Alkire v. Acuff, 134 Okla. 43, 272 P. 405; Plumbers Supply Co. v. Standard Paving Co., 135 Okla. 196, 274 P. 889.

The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Toby Morris, Theodore Pruett, and J. H. Cline in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morris, and approved by Mr. Pruett and Mr. Cline, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.