## FIDELITY FINANCE CO. v. THORP.

No. 24933. Jan. 19, 1937.

Otjen & Carter, for plaintiff in error.

Dyer & Smith, for defendant in error.

CORN, J. This appeal arises out of a replevin action filed in the district court of Garfield county April 8, 1932, instituted by the Fidelity Finance Company, a corporation, plaintiff in error herein, and hereafter designated plaintiff, as it appeared in the lower court. The action was commenced by the filing of a petition, a replevin affidavit, an undertaking in replevin, and by the issuance of a summons to the defendant in error, Harry Thorp, hereafter designated defendant.

The petition in substance alleged: Nonpayment of a promissory note executed November 7, 1931, by Harry Thorp, defendant, to the plaintiff in the amount of $266.75, bearing interest at the rate of 10 per cent. per annum, and providing for an attorney fee of 10 per cent.; that at the time of the execution of the note, for the purpose of securing the payment thereof, defendant executed and delivered to the plaintiff his one certain chattel mortgage, under the terms of which he mortgaged to the plaintiff a 1928 Chevrolet coach, together with certain live-

stock and wheat; that the note and the mortgage were given in renewal of a certain other note and mortgage theretofore executed and delivered by the defendant to the plaintiff September 16, 1929;, that said note had not been paid and the value of the securities amounted to $225; and petition prays that either a return of said chattels be had, or plaintiff have judgment for the value thereof.

At the same time a statutory replevin affidavit was filed, based upon said note and chattel mortgage; and upon the filing of a sufficient and statutory replevin bond a writ of replevin and summons was thereupon issued.

Thereafter and on June 28, 1932, the defendant filed his amended answer and cross-petition, alleging in substance: That he denied all of the material allegations contained in plaintiff's petition, and that on the 23rd day of April, 1930, the defendant, relying on the representations of plaintiff that it was the owner of the automobile involved, entered into an agreement to purchase said automobile for the sum of $440; that said defendant executed notes for part of said purchase price and paid part of it in cash, and on November 7, 1931, there remaining unpaid the sum of $240, the defendant signed a new note and mortgage for said amount, still believing that the plaintiff had good title to said automobile; that on or about the 1st day of April, 1932, the defendant learned that said automobile was stolen and that the plaintiff was not the owner thereof; that one Earl H. Eaton was the true owner and the said Eaton and his subrogee asserted title thereto and removed said automobile from the possession of said defendant; that thereupon defendant notified the plaintiff of having been dispossessed of said property and demanded his note and release of said mortgage and rescinded said contract, but that the plaintiff refused to surrender the note and to release the mortgage.

Defendant further alleges: That thereafter, without his knowledge, the plaintiff acquired title from the true owner and without the consent of said defendant took said automobile back to the premises of defendant, and that said defendant refused to accept said automobile and refused to accept said title, and tendered said automobile and said title to said plaintiff with further demand for rescission of said contract, possession of note, and cancellation and release of mortgage, and demanded that plaintiff pay back to said defendant the amount which

he had paid to apply on the purchase price thereof; that there was no consideration for the execution of said notes and mortgage and that the same were wholly void and did not constitute any legal liability against said defendant; that he would not have executed said note and mortgage had he known that the same was stolen property; that the plaintiff knew or had good reason to believe that the same was stolen, but said plaintiff represented to the defendant that it was the true owner thereof, and that by virtue of said representation plaintiff procured said note and mortgage.

For further defense said defendant relied upon the implied warranty that plaintiff had good title at the time it sold said automobile to this defendant; that he alleged that the same was breached at the time possession of said car was removed from the said defendant; that he thereupon rescinded said contract on account of the breach of said implied warranty and demanded cancellation of his notes and release of mortgage and return of all money paid by him on the purchase price, which was refused by the plaintiff. In his prayer under his first and second defense he asks that the plaintiff take nothing by its petition, that the same be dismissed, and that plaintiff be required to surrender up for cancellation the notes and mortgages held by it.

Defendant adopted for his cross-petition all the allegations of the first and second defenses set forth in his answer, and further alleged: That he had paid to the plaintiff $200 as part of the purchase price of said automobile, that said payments were without consideration and that plaintiff was indebted to said defendant for and on account of money had and received which it was duty bound to repay to said defendant; that due demand had been made for said repayment and that the same had been refused. He further alleged that, in the event the court believed that equity and justice required the defendant to pay a reasonable sum for the use of the car during the period of time it was in his possession, then the court should fix and determine what would be such reasonable sum, then deduct said sum from the said $200 paid by defendant as part of the purchase price, and that said defendant have judgment against the plaintiff for the balance.

Thereafter and on October 18, 1932, the plaintiff filed a general demurrer to the amended answer and cross-petition of the defendant; and on June 26, 1933, plaintiff

filed its reply and answer to the answer and cross-petition of the plaintiff alleging in substance:

That it denied that said automobile was a stolen automobile at the time plaintiff sold the same to said defendant; that said defendant failed, neglected, and refused to notify the plaintiff that any adverse claim was being made to said automobile and that said defendant voluntarily delivered said automobile to someone claiming title thereto without any legal process whatever. Plaintiff further alleged that after said defendant had voluntarily surrendered said automobile to the General Exchange Insurance Corporation, it effected a compromise with the General Exchange Insurance Corporation, the subrogee of Eaton, and obtained a release of any pretended claim it asserted to said automobile and returned said automobile to the defendant; that said automobile was not lost to the defendant, but was fully and completely restored to him notwithstanding his voluntary disposal thereof. Plaintiff, further pleading, denies that said defendant restored or offered to restore to it everything of value which he received, and denies that said defendant offered or attempted to place said plaintiff in statu quo. It specifically denies that there had been a failure of consideration and denies that any fraud was attempted or accomplished by plaintiff against said defendant.

For its answer to the defendant's cross-petition, it filed a general denial and specifically denied that the amount which defendant had paid to plaintiff was paid without consideration, and alleged that the usable value of the automobile during the time said defendant had and used the same was $400, and asked that the defendant take nothing by its answer and cross-petition and renewed its plea for judgment in accordance to its petition.

Thereafter, on January 26, 1933, this cause was tried to a jury, which rendered a verdict in favor of the defendant, and judgment was rendered on said verdict. Plaintiff's motion for new trial was thereafter overruled on February 13, 1933, and the cause was thereupon appealed to this court.

The facts in this case are that plaintiff corporation, dealing in secondhand cars, represented that it was the owner of, and sold to the defendant, the Chevrolet automobile in controversy. Thereafter it developed that plaintiff was not the owner at the time of the sale, that the automobile was stolen property, and that immediately upon discovering the fact that the plaintiff had no title thereto, the defendant promptly rescinded said contract and offered to return to the plaintiff everything of value which the defendant had received, and demanded return of his notes and mortgage.

Defendant paid practically $200 on the notes and mortgage during the time the automobile was in his possession, and no demand was made for the return of said money, the defendant considering it as a set-off against the use of said automobile while it was in his possession.

Plaintiff took no exception to the instructions given by the court and offered one, which was given. The motion for new trial sets forth three specific grounds, yet it is apparent that plaintiff sets out additional errors in its petition in error, not presented to the trial court in the motion for new trial, which will not be considered by this court.

To discuss at length the facts involved in this case is unnecessary; it is sufficient to say the record discloses that upon three separate and distinct occasions the defendant, after discovering that the automobile was stolen property, tendered the same back to the plaintiff and demanded a rescission of their agreement and return of his notes.

In plaintiff's reply to the defendant's amended answer, we find the following allegation:

"This plaintiff denies that it ever had title to said automobile, denies that it ever represented that it had title to said automobile, and denies that E. L. Semke or any other agent or officer of this plaintiff ever represented to said defendant that this plaintiff was the owner of or had title to said automobile."

If the plaintiff was not the owner of said automobile at the time of the sale, which fact is conclusively established by the evidence, the consideration wholly failed and there was a breach of warranty, unless it was acting as agent, and there is no allegation nor proof as to that. The defendant then, under the well-established rule in this state, had the right to do one of two things: First, rescind and tender back all that defendant had received; or, second, to affirm the contract and sue for damages.

The defendant elected to rescind, and this action was therefore tried upon that issue and theory. There is ample evidence in the

record to show that said rescission was promptly and properly made, and that legal tender of the property received was duly made.

The question of whether the defendant rescinded properly and offered to tender back everything of value which he received is a question of fact for the jury to determine under proper instructions by the court.

We quote the following from Holcombe & Hoke Mfg. Co. v. Waters, 109 Okla. 107, 235 P. 198:

"As to whether a party has rescinded the contract promptly and restored or offered to restore everything of value, under section 5079, C. S. 1921, are questions for the jury to determine, under the facts and circumstances of the case, and the verdict will not be disturbed on appeal where there is any evidence in the record tending to support the same."

There is ample evidence in the record to sustain the finding by the jury that there was a prompt rescission and an offer to rescind and restore.

In a law action, where there is any competent evidence reasonably tending to support the judgment rendered and based upon the verdict of the jury, the questions of fact will not be reviewed on appeal.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, and HURST, JJ., concur. RILEY and BUSBY, JJ., absent.