Norman V. JONES and Ted Smart, Plaintiffs in Error,

v.

Harry GOLDBERGER, Defendant in Error.

No. 37555.

Supreme Court of Oklahoma.

March 11, 1958.

**346**

Sanders, McElroy & Smith, Tulsa, for plaintiffs in error.

James B. Coppedge and O. C. Essman, Tulsa, for defendant in error.

JACKSON, Justice.

This is an action to recover the down payment of $2,500 on a contract to purchase a flower business. The action is based upon the seller's alleged fraud. The suit was instituted by one of the buyers, Norman V. Jones, against the seller, Harry Goldberger, and the other buyer, Ted Smart, was joined as a party defendant. The defendant Goldberger cross-petitioned against both buyers for $4,000, the unpaid balance of the purchase price. The issues and pleadings are such that we may and shall for convenience refer to both buyers as plaintiffs and the seller as defendant.

The case was tried to a jury. At the conclusion of the evidence the trial court, in effect, directed a verdict against plaintiffs on their demand and in favor of defendant on his cross-petition. Plaintiffs' appeal presents the question of whether the trial court erred in taking the case from the jury.

It is important to determine as a preliminary matter whether this is an action at law or in equity. If it is a law action the trial court was bound (as a general proposition) to submit the cause to the jury if the evidence was conflicting. Whereas, if it is an equitable action the court could weigh the evidence and render a decision accordingly inasmuch as the jury's verdict would be merely advisory in any event.

Plaintiffs alleged that upon discovery of the fraud they rescinded the contract pursuant to 15 O.S.1951 §§ 233 and 235. Plaintiffs did not ask the court to rescind the contract but relied solely on their act of rescission so that the action was in the nature of an action for money had and received rather than for rescission of a contract. Sec. 233 provides that a party may rescind a contract if his consent to such contract was obtained by fraud. If a contract is rescinded by the act of the party it follows that in a suit for recovery of the purchase price no preliminary action

of the court is necessary in order for the plaintiffs to establish their right to recover the purchase price. Therefore, in such case the action is one at law rather than in equity. Viking Refrigerators, Inc. v. McMeachin, 145 Okl. 76, 291 P. 521; Jeter v. De Graff, 93 Okl. 76, 219 P. 345. Also see Annotation in Vol. 95 A.L.R., beginning at page 1000.

Of course the attempted rescission was not effective unless sufficient grounds existed therefor nor unless the plaintiffs complied with the statutory procedure for effecting a rescission. The alleged grounds for rescission was the fraud of the seller in inducing plaintiffs to consent to the contract. 15 O.S.1951 § 235 prescribes the duty of one attempting rescission as follows:

"1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

If in a case of this nature the evidence of fraud is conflicting the question is one of fact to be determined by the jury under proper instructions. Stapleton v. Holt, 207 Okl. 443, 250 P.2d 451. Similarly, whether a party has rescinded promptly and restored or offered to restore everything of value are questions for the jury to determine where the evidence is conflicting. Holcombe & Hoke Mfg. Co. v. Waters, 109 Okl. 107, 235 P. 198. See also Fidelity Finance Co. v. Thorp, 178 Okl. 619, 64 P.2d 332. We must therefore examine all the evidence favorable to plaintiffs relative to these issues. If there is any evidence, together with all reasonable inferences and fair conclusions, reasonably tending to prove plaintiffs' case as to each of said is-

sues, then the trial court erred in directing a verdict for defendant.

The evidence on the question of fraud disclosed the following facts: On May 19, 1955, Smart and Jones called upon defendant at defendant's place of business relative to the purchase of said business. At that time Smart and his accountant made a cursory check of the records and ledgers. The proposed sale contemplated an assumption by plaintiffs of defendant's business liabilities. Defendant produced a balance sheet which he had prepared one month prior. This instrument disclosed assets in excess of liabilities and defendant assured plaintiffs that a current balance sheet would disclose an even greater net worth. Defendant asked $10,000 for the business with plaintiffs assuming all liabilities. Two days later, on May 21, 1955, the parties agreed upon a price of $7,500 (to be adjusted to $6,500 if the current accounts payable exceeded $2,500). On that date a written instrument was executed by all parties. The instrument in part contained the following language:

"* * * You further have represented to us and we accept your representation *as a basis for this proposal,* that you have inventory in the approximate amount of *$25,000.00,* and that you have outstanding unpaid liabilities in the form of accounts payable in the sum of approximately $19,000.00, and current accounts payable in the approximate sum of $2,500.00. You further represent that you have notes payable in the approximate sum of $1,600.-00 to $1,700.00.

"* * * We propose further to assume the payment of the liabilities above referred to including past due accounts payable and notes payable.

"(Written in longhand in green ink) By acceptance of this Contract Mr. Harry Goldberger was paid $2,500.00 leaving a balance due of $4,000.00 when *final* contract is signed.

"/s/ Harry Goldberger,
/s/ Ted Smart,
/s/ Norman V. Jones."

Plaintiffs admitted that the reference to a $25,000 inventory was intended to include all assets and not just inventory. Shortly after the above instrument was signed and pending final settlement, plaintiffs employed an accountant to audit the books and make an inventory. This audit revealed assets of only $14,241.50, rather than $25,000 as represented, and liabilities of $26,354.32. Included in the liabilities were current accounts payable in the amount of $5,446.77 as opposed to $2,500, the amount stated in the written proposal. Defendant's own accountant testified that the figure in the balance sheet presented to plaintiffs representing claimed value of inventory was $2,800 higher than the books justified.

■ Defendant insists that a representation of value is merely an opinion and does not constitute fraud. It is often so stated, but there are exceptions to this rule. In 23 Am.Jur. Fraud and Deceit § 59, p. 830, it is stated:

"* * * Likewise, a statement of value may be of such a character, so made and intended, and so received, as to constitute fundamental misrepresentation; and if it is made as an assertion of fact, and with the purpose that it shall be so received, and it is so received, it may amount to a fraud. Moreover, a statement of value involving and coupled with a statement of a material fact is fraud.

"Value is frequently made by the parties themselves the principal element in a contract: * * * ."

Where as in this case the valuation is incorporated in a formal business record in the form of a balance sheet, which is used for the purpose of inducing another to purchase the business represented, a statement of value may become more than a mere expression of opinion. Such representation was in effect reiterated in the written contract with no qualifications. The value of the assets was stated to be $25,000 as an express basis for obtaining the plaintiffs' consent to the contract to purchase. It was at least a question for the jury to determine if this was a statement of fact or opinion. McIntire v. King, 98 Okl. 192, 224 P. 695.

■■ Defendant further contends that plaintiffs acted upon their own judgment based upon their independent investigation and therefore were not deceived. It is elementary that one can secure no redress for a misrepresentation which he knew to be false. But it was for the jury to determine whether plaintiffs knew the representation to be false. It is true that plaintiff Smart devoted approximately one hour to an examination of the books prior to the execution of the written contract, but this would not necessarily enable him to learn the exact condition of the business, and he testified that his examination failed to disclose such condition.

■ It is of no import that plaintiffs might have had a detailed audit and an accurate inventory made prior to signing the contract. In O'Quinn v. Nothaff, 85 Okl. 215, 205 P. 498, 500, the court quoted with approval the following rule announced by Bigelow in his work on fraud:

"The proposition has now become very widely accepted at law as well as in equity, at least as general doctrine, that a man may act upon a positive representation of fact, notwithstanding the fact that the means of knowledge were specially open to him. * * * ."

The recent case of McDaniel v. Quinn, Okl., 307 P.2d 127, cited by defendant, is not in point for the reason that in that case the evidence conclusively established that the purchaser had, in fact, made an investigation of the facts represented which were obvious and readily ascertainable.

In Stapleton v. Holt, 207 Okl. 443, 250 P.2d 451, 452, it is held in the first paragraph of the syllabus as follows:

"Fraud is a generic term which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general

proposition defining fraud, as it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated."

And in the second paragraph of the syllabus it is further held:

"Where fraud is properly alleged by one party and denied by the other, and the evidence as to such issue is conflicting, the question is one of fact to be determined by the jury under proper instructions."

In our opinion there was sufficient evidence of fraud, if believed, to require submission of the case to the jury.

Defendant further contends that the plaintiffs did not offer and were not able to place defendant *in statu quo* and, therefore, were not entitled to rescission.

Shortly after the execution of the contract the plaintiff, Smart, with defendant's permission, entered upon the premises and to a certain extent took over the operation of the business making some physical alterations to the interior. There was no proof that plaintiffs restored the premises to the former condition. In our opinion this was not fatal to plaintiffs' case. The statute does not require that the rescinding party place the other party in complete *statu quo*. It only requires that he restore or offer to restore "everything of value which he has *received* under the contract * * *." Furthermore, it does not appear that the alterations and other acts by plaintiffs while in possession have prejudiced or damaged defendant.

The sale was not to be closed until June 15, 1955, and was never in fact completed. Prior to the closing date plaintiffs allegedly discovered that the business was not as represented; whereupon they advised defendant that they were rescinding, and demanded the return of their money. Defendant declined. There is nothing concrete in the record to indicate that plaintiffs received anything of value under the contract. In any event the statute dispenses with the necessity of making the offer if the non-rescinding party positively refuses to return everything of value received by him. When, in an action at law, a tender is necessary to the establishment of any right, it is waived or becomes unnecessary when it is reasonably certain that the offer, if made, would be refused. St. Louis & S. F. R. Co. v. Richards, 23 Okl. 256, 102 P. 92, 23 L.R.A.,N.S., 1032. Plaintiffs' attempt to rescind, coupled with defendant's positive refusal to return the down payment, was sufficient to create a question for the jury as to whether the contract was rescinded. Holcombe & Hoke Mfg. Co. v. Waters, supra.

The judgment appealed from is reversed in its entirety, with directions to vacate same and grant plaintiffs in error a new trial.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.