## NATIONAL SURETY CO. v. BOARD OF EDUCATION OF CITY OF HUGO.

No. 2146. · Opinion Filed October 15, 1912.

Rehearing Denied January 7, 1913.

(129 Pac. 25.)

1. **BONDS**—Actions—Failure of Proof. Plaintiff sued defendant to recover on a builder's bond for damages on alleged broken conditions of a builder's contract. The petition charged that the build-

ing had not been constructed according to the terms of the contract nor in conformity with the plans and specifications attached to and made a part of said contract. The contract was not pleaded, nor was it charged that the same was lost or beyond the reach of plaintiff; neither were its contents proved, nor was there any attempt to prove same, or to excuse failure so to do. **Held,** that plaintiff could not recover, for the reason that, in the absence of the contract, or failure to prove its contents, neither the court nor jury could determine whether or not there had been any breach thereof, without which no judgment could be had.

2. **CONTRACTS—Actions for Breach—Burden of Proof.** The party who alleges a contract, either as a cause of action or a defense, has the burden of proving it, if the existence of the contract is put in issue; and he has the burden of proving every fact essential to the cause of action or defense. The rule applies to implied as well as express contracts.

3. **SAME.** Upon the plaintiff is thrown the burden of proving what the terms of the contract were, what the plans and specifications were, where the building was to be performed according to the plans and specifications, and a compliance with them.

. (Syllabus by Robertson, C.)

*Error from District Court, Choctaw County;*
*James R. Armstrong, Judge.*

Action by the Board of Education of the City of Hugo against the National Surety Company for breach of a contractor's bond. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*I. L. Strange,* for plaintiff in error.

*E. H. Foster* and *R. E. Stephenson,* for defendant in error.

Opinion by ROBERTSON, C. This is a suit by the school district upon a contractor's bond to recover damages for breach thereof by the contractor in failing to construct a school building in the city of Hugo according to the contract, plans, and specifications, and for a failure to install in said building a heating apparatus according to the contract, plans, and specifications, to the full and complete satisfaction of Henry T. Phelps, the architect and superintendent of said building. The action was against R. O. Langworthy, contractor, and the National Surety Company, as surety on the bond. No service of summons was had on Langworthy, and the suit proceeded against the Surety Company alone, and resulted in a judgment in favor of the school

district in the sum of $1,800. A motion for new trial was presented and overruled, and the Surety Company appeals.

Many errors are assigned and relied upon by the Surety Company, but it will be unnecessary to consider any but the first and second, which read as follows:

"The verdict is not sustained by sufficient evidence, and is contrary to law; and, the court erred in refusing to give the jury, at the close of the evidence, a peremptory instruction in favor of the plaintiff in error."

The petition charges, among other things, that:

"The plaintiff above named, the successor to the school district of Hugo, Indian Territory, for amended complaint, complains of the defendant R. O. Langworthy and the National Surety Company of New York, a corporation, organized under the laws of the state of New York, for that on the 1st day of September, A. D., 1905, the defendant R. O. Langworthy made and entered into a contract with the plaintiff, and agreed to build and complete a certain two-story brick and stone schoolhouse building according to plans and specifications and drawings, which were made a part of said agreement, a copy of which said contract is herewith filed and marked 'Exhibit A,' which said plans and specifications were drawn by one Henry T. Phelps, as architect for plaintiff, in a good, substantial, workmanlike manner, to the satisfaction and under the supervision of the said Henry T. Phelps, superintendent for the construction of said building; and the said R. O. Langworthy did also agree to find, provide, and furnish such material of such kind and quality and description as should be fit, proper, and sufficient for completing all works mentioned, and, provided possession be given to the contractor, on or before 135 working days from date of contract."

The answer of the Surety Company was a general denial, and also an affirmative defense. The answer was verified. The contract, which was in writing, was not pleaded, neither were the plans or specifications; nor was there any attempt on the part of the school district to prove the same in any wise, nor was it shown that they had been destroyed or lost, or that they were not within reach or under the control of the said school district. There is not a word of competent evidence in the record to show that the building was not constructed according to the

contract, plans, or specifications.    There is plenty of evidence tending to show that the building was defectively constructed, and also to show that the heating plant was unsatisfactory; but nowhere is there anything to show in what particular or in what manner the construction differed from the terms of the contract, or of the plans and specifications, all of which were in writing, but for some reason unknown to us were not pleaded or proved.

It is asking too much of an appellate court to say, under the facts of the case as disclosed by the record, that the work was not done in conformity to the terms and conditions of the contract and plans and specifications, without enabling the court to see and examine the contract, etc., or without proving the contents of the same.

True it is that witnesses testified that the walls were defective, and that the heating plant was insufficient; but these things may have resulted from poor judgment of the parties in making the contract, or in a mistake of judgment of the architect in preparing the plans and specifications.    It may be that the work done and material furnished were exactly as required by the contract and plans and specifications.    This we do not know; nor can we, by any manner of means, ascertain the facts from the record before us.

The party who alleges a contract, either as a cause of action or a defense, has the burden of proving it, if the existence of the contract is put in issue; and he has the burden of proving every fact essential to the cause of action or defense.    The rule applies to implied as well as to express contracts.    9 Cyc. 757, and many cases there cited.

"Upon the plaintiff is thrown the burden of proving what the terms of the contract were, what the plans and specifications were, where the building was to be performed according to plans and specifications, and a compliance with them."    (6 Cyc. 98, and cases cited.)

There was no competent evidence before the court or jury that would warrant the verdict or sustain the judgment.    Before a verdict could be returned in favor of plaintiff, the jury should have found that Langworthy, the contractor, had breached

his contract; and how could the jury say that the contract had been breached when the contract was not offered in evidence, nor were its terms or conditions, nor the terms or conditions of the plans and specifications, known to the court or jury? There being no competent evidence to sustain a judgment, the court should have directed a verdict for the defendant, and for its failure to do so the judgment should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.