---

## DAVIS, Director Gen. of Railroads, v. KELLEY.

No. 12555—Opinion Filed Oct. 30, 1923.

(Syllabus.)

1. **Evidence—Burden of Proof.**

The burden of proof rests upon the party having the affirmative as made by the pleadings, and such party must prove every essential fact necessary to establish his cause of action or defense.

2. **Pleading—Allegation as to Time—Proof.**

Time is usually immaterial, and need not be proved as pleaded.

3. **Carrier—Action for Damages to Cattle Shipment — Petition — Allegation as to Time—Variance.**

Where the plaintiff in his petition pleaded that he ordered cars on or about the 9th day of November, 1919, for the shipment of cattle on the 11th day of November, 1919, and that he delivered the cattle to the defendant railway company on or about the 11th day of November, 1919, and evidence was introduced in the trial of the cause showing that the cars were requested on the 6th day of November, 1919, to be furnished on the following Sunday, which was the 9th day of November, instead of the 11th day, held, the same did not constitute a fatal variance in the pleadings and the proof.

4. **Appeal and Error—Harmless Error.**

The rule is well established in this jurisdiction that the court must disregard any error or defect in pleadings or proceedings which does not affect the substantial rights of the adverse party.

5. **Same—Affirmance.**

Record examined, and held, that no prejudicial error was committed in the trial of the case, and that the judgment be affirmed.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by D. L. Kelley against James O. Davis, Director General and Agent for the Chicago, R. I. & P. Railway Company, to recover damages resulting from the negligence of the defendant in the shipment of 66 head of cattle. Judgment for plaintiff. Defendant appeals. Affirmed.

C. O. Blake, W. F. Collins, W. R Bleakmore, and A. T. Boys, for plaintiff in error.

Walter & Hilpirt, for defendant in error.

KENNAMER, J. D. L. Kelley, plaintiff, instituted this action in the district court of Oklahoma county against James C. Davis, Director General and Agent, under the Transportation Act, of the Chicago, Rock Island & Pacific Railway Company, defendant, for damages alleged to have been sustained by reason of the defendant's failure to furnish the plaintiff cars for the shipment of 66 head of cattle, which the plaintiff attempted to ship from Hydro, Okla., to Oklahoma City, on November 9, 1919..

The plaintiff alleged in his petition:

"That on or about the 9th day of November, 1919, the plaintiff requested, in the usual manner, two cars for the shipment of livestock for November 11th, of said defendant's agent at Hydro, Okla., and that said agent agreed and promised said plaintiff that they would be on hand for said date, and that, relying on said promises, the plaintiff drove 66 head of cattle some 20 miles and delivered the same to said defendant at Hydro, for shipment on said date."

The other material allegations, in substance, were that when the plaintiff arrived at Hydro and placed his cattle in the pens, there were no cars and none furnished him until November 18th, seven days later.

That the cattle delivered to said defendant on or about the 11th day of November, 1919, were all in good order and condition.

That the usual and ordinary and reasonable time for the transportation of livestock from Hydro to Oklahoma City is six hours.

That by reason of the carelessness and negligence in delaying the shipment for some seven days, the cattle became greatly gaunted and shrunken in flesh, stale and unmarketable, and that the market on this class of cattle declined to the extent of $1 per cwt., and that the plaintiff was actually damaged to the sum of $657.38.

The plaintiff in a second count in his petition asked for damages in the sum of $72 for failure to furnish a car in proper condition for the shipment of cattle and hogs on the 19th day of December, 1918, but the defendant confessed judgment on this count in the petition and the same is not involved in this appeal.

The answer of the defendant to the first count was a general denial.

The cause was tried to a jury on the 8th day of March, 1921, and a verdict rendered in favor of the plaintiff for $650. Motion for new trial was filed and overruled, and defendant prosecutes this appeal to reverse the judgment of the trial court.

Counsel for the defendant contend that the judgment should be reversed for the reason there is no evidence to support the verdict. In support of this contention, is cited the case of National Surety Co. v. Board of Education of the City of Hugo, 36 Okla. 569, 129 Pac. 25, in which it was held:

"The party who alleges a contract, either as a cause of action or a defense, has the burden of proving it, if the existence of the contract is put in issue; and he has the burden of proving every fact essential to the cause of action or defense. The rule applies to implied as well as express contracts."

Other cases are cited to the effect that the burden of establishing the entire case by a preponderance of the evidence is at all times upon the party having the affirmative as made by the pleadings. Standard Marine Ins. Co., Ltd., of Liverpool v. Traders Compress Company, 46 Okla. 356, 148 Pac. 1019; Moffitt-West Drug Co. v. Byrg, 92 Fed. 290; Barnett et al. v. Kunkel et al., 259 Fed. 394.

Counsel for the defendant insist that the plaintiff in his petition alleged the time the cars were to be furnished the plaintiff was on the 11th day of November, 1919, and his evidence shows that the cars were to be furnished on the 9th day instead of the 11th; therefore, that the evidence does not establish a contract to furnish cars on the 11th day of November. We cannot agree with counsel on this construction of the plaintiff's petition. While it is true he alleged in the third paragraph of his petition that he requested the cars for shipment of livestock on November 11th, yet in the fifth paragraph the allegation is that the cattle were delivered on or about the 11th day of November, 1919, to the defendant for shipment. However, it may be observed here that it was the failure to furnish cars to the plaintiff for the shipment of 66 head of cattle, for which request was made, on or about November 9, 1919, and to be furnished on the Sunday following the request. The evidence of the plaintiff shows that he requested the cars on the 6th day of November to be furnished for shipment of the cattle on the following Sunday, which was the 9th day of November instead of the 11th. The plaintiff delivered his cattle in the pens of the defendant at Hydro on the 9th day of November, and the agent of the defendant on said date notified him

he was unable to furnish him the cars which he had requested.

The evidence, quoted by counsel for the defendant, of W. R. Light, agent at Hydro, is to the effect that the plaintiff "put in the order, as stated, on the 6th day of November, for two cars to ship cattle to Oklahoma City to be loaded the 9th of November." But the witness in his evidence undertook to justify the failure to furnish the cars by reason of federal control and the diversion of cars from other territory to use in others and that he did not agree unconditionally to furnish the cars until he had them in hand.

The plaintiff's testimony was to the effect that the agent made him an unconditional promise to furnish him cars. This issue was fairly submitted to the jury and by its verdict found in favor of the plaintiff. No objections were made to the introduction of the plaintiff's testimony on the ground that it tended to establish a different cause of action from that pleaded in the petition. The cause of action pleaded in the petition was one that arose out of a transaction occurring about November 9, 1919, and, in our opinion, the evidence was sufficient to support the verdict in this respect. Time is usually immaterial, and need not be proved as pleaded. 31 Cyc. 706, 769. The rule is well established in this jurisdiction that the court must disregard any error or defect in pleadings or proceedings which does not affect the substantial rights of the adverse party. St. L. & S. F. Ry. Co. v. Cox, Peery & Murray, 40 Okla. 258, 138 Pac. 144.

It is next contended that the evidence is insufficient to support the amount of damages awarded. We have carefully examined the evidence, and it appears that the total weight of the cattle was 46,000 pounds on the date they were sold in Oklahoma City, and that there was a decline in the market between the date the cattle should have arrived in Oklahoma City, if the cars had been furnished as promised, and the date they were actually sold of about $1 per cwt., and that the cattle had lost in weight from 30 to 50 pounds per head.

Applying the rule announced in the case of Midland Valley Ry. Co. v. Larson, 41 Okla. 360, 138 Pac. 173, that the damage is to be determined by finding the market value of livestock in the condition they were when delivered at destination and then finding their market value in the condition they would have been if the delay had not occurred at the stock pens where delivered for shipment, then the difference between these two values would be the proper amount of damages as to the item of damage for delay in shipment. The plaintiff's evidence supports the amount of the verdict rendered.

Upon a careful consideration of the whole record, it is our conclusion that no prejudicial error was committed in the trial of the case, and the judgment, therefore, is affirmed.

JOHNSON, C. J., and KANE, BRANSON, and HARRISON, JJ., concur.