## HARTZELL v. CHOCTAW LBR. CO. et al.

No. 22973.   Opinion Filed April 25, 1933.

Rehearing Denied May 31, 1933.

C. C. Hatchett, for plaintiff in error.

Barrett & Dickson, J. S. Kirkpatrick, Chas. E. McPherren, and Tom Finney, for defendants in error.

BAYLESS, J.   R. A. Fincher, J. H.

Wright, and A. J. Wright, hereinafter refered to as plaintiffs, filed their petition on the 27th day of March, 1930, in McCurtain county, against the Choctaw Lumber Company of Delaware, a corporation, hereinafter designated as defendant, which petition, in substance, alleged that the defendant was indebted to them in the sum of $4,392.50, being the balance due upon a certain sale contract entered into between the parties. To which petition the defendant filed its answer, admitting such liability, but alleged that Paul A. Hartzell had some claim to said fund, and asked that he be made a party to said suit. Thereafter the defendant filed a pleading designated, "Petition for an order requiring the filing of a petition of intervention," which motion, in substance, alleged that, pursuant to the terms of said contract, the plaintiffs agreed to liquidate and pay all liens, incumbrances, and indebtedness against the property so purchased, and that the defendant was entitled to withhold said amount, until the terms of said contract had been complied with; that one Paul A. Hartzell was asserting a claim against it for said property purchased, and it asked that Hartzell be made a party defendant.

Pursuant to such request the court thereafter ordered Paul A. Hartzell made a party to said action, and said Paul A. Hartzell, hereinafter designated as intervener, filed his petition on the 13th of April, 1931, alleging, in substance, that he was the owner of certain lands located in McCurtain county. and that sometime in the years 1925, 1926, and 1927, said plaintiffs and defendant wrongfully cut and removed from said land great quantities of timber without the consent and knowledge of said intervener.

Intervener further alleges that he is not aware of the exact amount of timber cut and removed from said land, but alleges that the parties cut and removed approximately 700,000 feet of yellow pine timber and approximately 40,000 feet of chestnut and other hardwood timber, and alleges the value of said timber so removed to be the sum of $5 per 1,000 feet. Intervener further alleges that on December 11, 1926, and on January 7, 1927, said plaintiffs, acting by and through R. A. Fincher, one of said plaintiffs, advised this intervener by letters of the cutting of said timber and agreed and offered to pay intervener for the timber so cut from his land at the rate of $3 per 1,000 feet, and that said letters admitted the cutting from intervener's land 400,000 feet of lumber, which said letters are attached to his petition of intervention.

Intervener further alleged that the defendant had full knowledge that the timber was cut by the plaintiffs from intervener's land and that the lumber so cut was included in the sales contract entered into between the plaintiffs and defendant, and that by reason thereof the defendant is liable for the value of the timber cut from his land. Intervener prays that the plaintiffs and defendant be required to account to him for all of the timber so cut, and that he have judgment against the said parties for the value of this timber so cut and removed.

After the petition of intervention had been filed, the plaintiffs and defendant separately demurred to the petition of intervention and cross-petition for the reason, among others, that "the alleged cause of action is barred by the statute of limitation of the state of Oklahoma, and under the provisions of section 185 of Compiled Oklahoma Statutes, 1921 [O. S. 1931, sec. 101], the said Paul A. Hartzell, intervener, cannot maintain said alleged action." Thereafter, on the 3rd day of July, 1931, the court sustained said demurrers, and the order of the court sustaining said demurrers finds as follows:

"* * * That the alleged action of said Paul A. Hartzell, intervener, herein, against both the parties plaintiff, and party defendant, involving the subject-matter of this action, was, at the time of the filing of the petition of intervention and cross-petition. of the said Paul A. Hartzell, intervener, barred by the statute of limitations of the state of Oklahoma."

Intervener elected to stand on his petition of intervention and prosecutes this appeal to this court. If the intervener's right of recovery was based upon trespass to said property, clearly the court did not commit error in sustaining the demurrer, for, as will be noted from the petition, the intervener alleges that the timber was removed in the years 1925, 1926 and 1927, and the record discloses that his petition in intervention was not filed until April 13, 1931. It was not brought within two years as provided in subdivision 3 of section 185, C. O. S. 1921 [O. S. 1931, sec. 101].

Intervener urges that his cause of action is based upon a written contract created by the letters written by the plaintiffs to him. Intervener further contends that he would be entitled to waive the tort and to sue on the implied contract, and that inasmuch as the letters admit his ownership of the property and the plaintiffs' wrongful taking thereof, they would be sufficient upon which to base his action on an implied contract. We agree with the authorities cited by him in support of his right to elect to sue upon the implied contract rather than the

242

tort. We believe, however, that intervener does not keep in mind the distinction between an implied contract and an express or written contract. Such contracts are separate and distinct contracts, and in 6 R. C. L. 589, sec. 8, it is said:

"As in physics two solid bodies cannot occupy the same space at the same time, so in law and common sense there cannot be an express and an implied contract for the same thing existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree, that the law interposes and raises a promise."

An express contract is defined by section 9451, O. S. 1931, to be: "* * * one, the terms of which are stated in words." An implied contract is defined by section 9452, O. S. 1931, to be: "* * * one, the existence and terms of which are manifested by conduct."

A separate statute of limitations is provided for each by our statutes, section 101, O. S. 1931 (sec. 185, C. O. S. 1921), for an action upon an express contract in writing must be brought within five years, while an action upon an implied contract must be brought within three years. If the letters pleaded by the intervener are to be treated as instances of conduct considered with other conduct, sufficient to manifest the existence of an implied contract, an action on such an implied contract is barred in three years. Therefore, the court committed no error in sustaining the demurrers as to such cause of action if construed to be an implied contract.

If the intervener bases his action upon an express contract in writing, as stated in his brief, based upon the offer stated in the letters written by plaintiffs to him, such express contract in writing must possess all of the requirements essential to the validity of an express contract in writing.

In determining whether or not the letters written by the plaintiffs to the intervener constitute a contract, it is necessary to examine their contents and intervener's pleadings. On December 11, 1926, the first letter relied upon, the plaintiff in said letter requested defendant to let him hear from him at once.

In addition to this language, the letter contains an admission from the plaintiffs to the effect that they had removed from intervener's land approximately 300,000 feet of lumber and offered to settle on the basis of $3 per 1,000 feet. In the second letter, written January 7, 1927, reference is made to the letter of December 11, 1926, and again advised the intervener that they had sold the mill to the defendant and they had made settlement, except $4,392.50, and that the defendants were withholding settlement pending the settlement of the claim, and the letter made the following request:

"You will please let me have an expression from you by return mail."

The intervener, in his petition, refutes the idea that the letters constituted a written contract, for it will be noted from his pleadings that he alleged the value of the timber so taken to be the sum of $5 per 1,000 feet, and he specifically denies the amount so taken from his land to be approximately 300,000 log feet as admitted in the letters, but alleges the amount cut to be approximately 700,000 feet of yellow pine and approximately 40,000 of chestnut and other hardwood timber; and, asked for an accounting for the timber so taken. There are no allegations in the petition of intervention denoting an acceptance on the part of intervener.

Conceding that the letters pleaded by the intervener constitute an offer on the part of the plaintiffs, the pleadings do not attempt to show the offer was made by the defendant, and it is an elementary rule of law in this jurisdiction that, in order to constitute a contract, there must be an offer on the part of one and an acceptance on the part of the other. Atwood v. Rose, 32 Okla. 355, 122 P. 929; Sosbee v. Clark, 86 Okla. 198, 207 P. 732; 13 C. J. 272, sec. 68; and 6 R. C. L. 604, sec. 27. In addition, the offer to pay according to the named measurements and price was rejected by the intervener in his pleadings, for the reason that he has refused to accept the price and the amount designated in said letters. In St. Louis Smelting & Ref. Co. v. Nix, 101 Okla. 197, 224 P. 982, we held:

"In order that an offer and acceptance may result in a binding contract, the acceptance must be absolute, unconditional, and identical with the terms of the offer, and must in every respect meet and correspond with the offer; and any qualification of or departure from those terms invalidates the offer."

Intervener attempts also to escape the statute of limitations on the ground that his claim against the plaintiffs and defendant is in the nature of a counterclaim or set-off, and is not barred by the statute of limitations until the claim of plaintiffs and defendant is barred by the statute of limitations. We are unable to see where intervener secures any right of protection under this theory, considering sections 207 and 208, O. S. 1931, for the reason that the pleadings do not show any claim of liability

against intervener by either the plaintiffs or defendants.

The judgment of the trial court is, therefore, affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. SWINDALL, J., absent. WELCH, J., not participating.