NABOB OIL CO. v. BAY STATE OIL & GAS CO.

No. 34779.    Feb. 24, 1953.

Rehearing Denied April 7, 1953.

*255 P. 2d 513.*

Hudson, Hudson & Wheaton and O. C. Essman, Tulsa, and Ted Foster, Oklahoma City, for plaintiff in error.

Embry, Johnson, Crowe, Tolbert & Shelton, V. P. Crowe, and John A. Phillips, Oklahoma City, for defendant in error.

WILLLIAMS, J. Parties will be referred to as in the trial court.

Plaintiff and defendant herein own certain oil properties as partners. Beginning in October, 1944, they carried on negotiations orally and by letter designed to bring about a dissolution of the partnership and a division or sale of the properties involved. Due to various disagreements, they were unable to come to an understanding, and in August, 1945, plaintiff filed its petition asking for an accounting and a partition or sale of the properties. While the suit was pending, plaintiff filed a supplemental petition alleging a change in circumstances in that since suit had been commenced, defendant had made a written offer to sell its interests to plaintiff; that plaintiff accepted the offer orally; that defendant now refuses to execute its alleged contract; and asking, as an additional cause of action, that the contract be specifically enforced. Attached to said supplemental petition were twenty-two exhibits, consisting of letters between the parties involved.

Defendant demurred to said cause of action; the demurrer was sustained; plaintiff elected to stand on such cause of action as stated, and from judgment sustaining demurrer thereto, appeals to this court. All the errors complained of in petition in error go to the proposition that the trial court erred in sustaining the demurrer, and in rendering such judgment, and may be considered together under that general heading.

An examination of the record herein reveals that the alleged offer to sell was made by letter dated November 14, 1946, and that it provided for a time limit of five days thereafter in which plaintiff must accept or reject. Plaintiff alleges oral acceptance on January 5, 1947. However, an examination of plaintiff's exhibit 14 shows that plaintiff rejected the offer by letter in unqualified terms on November 27, 1946. The first paragraph of the letter of November 27, 1946, from president of plaintiff corporation to president of defendant corporation reads:

"Your letter of the 14th instant, with enclosures, received. In reply you are advised that in my opinion your proposals are not sufficiently complete for acceptance."

Said letter then goes on to detail various objections to the offer, at great length, and nowhere indicates even a qualified acceptance of the offer. On the contrary, some new proposals are made, the making of which in itself constitutes a rejection of the original offer.

12 Am. Jr., Contracts, §36, reads as follows:

"An offer is terminated by rejection and cannot thereafter be accepted so as to create a contract. A request for a change or modification of a proposed contract, made before an acceptance thereof, amounts to a rejection of it."

To the same effect is the following holding of this court in Hartzell v. Choctaw Lumber Co., 163 Okla. 240, 22 P. 2d 387:

"In order that an offer and acceptance may result in a binding contract, the acceptance must be absolute, unconditional, and identical with the terms of the offer, and must in every respect meet and correspond with the offer; and any qualification of or departure from those terms invalidates the offer."

We hold, therefore, that the offer expired by its own terms five days after it was made, and further that it was rejected in writing by plaintiff in his letter of November 27, 1946. It is elementary that plaintiff could not revive the offer by orally accepting it on January 5, 1947, after its rejection on November 27, 1946, and the petition does not allege that it was revived or renewed by defendant between those dates.

But plaintiff alleges that said offer was renewed by defendant by letter dated April 30, 1947, and that plaintiff accepted such renewed offer orally on June 10, 1947.

The letter of April 30, 1947, was attached to plaintiff's petition as Exhibit 15, and reads in part as follows:

"***I have felt that you should have another opportunity to take over our interests in either or both of the properties on the basis of the offers which we made to you last fall***

"We are willing to repeat to you the buy or sell proposition which we made to you last fall or, if you want the Thlocco interest, we will exchange our half of the working interest in that property for your half interest in the Olive block properties, contingent on the reinspection of the Olive equipment. You realize, I am sure, that we would have in mind selling those properties immediately and not operate them since the operation cannot be profitable for us."

Even if this could be construed as a renewal of the offer hereinabove referred to (which is doubtful, since a reading of other exhibits attached to plaintiff's petition shows that *several* offers were made "last fall") plaintiff still cannot sustain its cause of action, because of a letter written by its employee on June 10, 1947. Said letter is attached as an exhibit to plaintiff's petition, and plaintiff is bound by its own pleadings. The letter quoting president of plaintiff corporation, reads in part:

"He also stated that you people were to blame in the first instance for these arrangements for gas and were also to blame for the matter having dragged as long as it has for you have sought to avoid a trial of the suit.***

"I am taking the authority to make the above statements and basing them upon Mr. Owens attitude as expressed to me about three weeks ago when he was in the office for a brief period. At that time I called to his attention your letter of April 30th about Thlocco and Nabob buying your interest in the jointly owned leases. He stated he would try to work out a deal with you in order to get the matter behind him and instructed me to work up a statement, to June 1st of the accounts between your company and Thlocco and Nabob so that everything would be settled and closed at one meeting and indicated he would try to get to the matter on or before June 1st. * * *

"Under the circumstances, it will be July 1st, or later before he can act on your proposal. ***

"P.S. Just as I was about to mail this letter Mr. Owens arrived at the office for a brief interval on an emergency trip from the field. I explained what I had written. He stated my position was exactly correct. ***

"He also stated that if you attempt to withhold as you suggest he will make no move towards working out the settlement with you as he has recently been inclined to do but will have the suit revived and tried in an effort to get the matter cleaned up at the earliest possible date. In short he was decidedly displeased with your proposal and feels that you alone are to blame for the delay in the suit not being tried during which delay the gas account has arisen."

It is evident from a reading of the letters attached as exhibits to plaintiff's petition, and particularly from those portions above quoted, that there is a decided variance between the allegations of the petition and the import of the exhibits attached thereto, and a part thereof. In such cases, this court has held many times that the language of the exhibits must control over the averments of the pleader. In Devine v. Pyanhunkah, 170 Okla. 178, 39 P. 2d 132, this court said:

"It has been decided many times by this court that where there is a conflict in the allegations set forth in the pleadings and the exhibits thereto attached, upon which the cause of action is based, the language of the exhibit is controlling."

See Deere v. Gypsy Oil Co., 160 Okla. 237, 15 P. 2d 1086, wherein the court said (Syllabus 1):

"Where there is a variance between the allegations of the petition and exhibits attached thereto as a basis of suit, the contents of the exhibits control and prevail over the allegations of the petition."

See, also, Billingslea v. Billingslea, 194 Okla. 400, 152 P. 2d 276; Mason v. Slonecker, 92 Okla. 227, 219 P. 357; Home Insurance Co. of New York v. Whitchurch, 139 Okla. 1, 281 P. 234.

Bowker v. Linton, 69 Okla. 280, 172 P. 442, is a case remarkably similar to the case at bar. Therein, plaintiffs alleged a contract for the sale of real estate, as evidenced by letters attached as exhibits to the petition. Defendant demurred to the petition; the demurrer was sustained; plaintiff stood on his petition and appealed. This court affirmed the order of the trial court sustaining the demurrer, upon the grounds that the letters attached to plaintiff's petition did not show an enforceable contract. Therein it was stated by the court (Syllabus 2):

"The letters which are attached to the petition in the case as exhibits, showing the contract sought to be enforced, must control when in conflict with the averment of the petition, in determining whether or not an enforceable contract has been entered into."

From the above, it is evident that the trial court's decision to sustain the demurrer was based, not upon any supposed violation of the statute of frauds, but upon a proper conclusion that plaintiff's exhibits directly controverted the averments of its petition and controlled, and affirmatively demonstrated that no acceptance of an offer was ever in fact made. It will therefore not be necessary to consider plaintiff's argument that the statute of frauds was not violated.

The judgment sustaining the demurrer is affirmed, and the case is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.

JOHNSON, V.C.J., and CORN, ARNOLD, O'NEAL, and BLACKBIRD, JJ., concur. HALLEY, C.J., and WELCH, J., dissent.