Joe MADDOX, Plaintiff,

v.

NORTHERN NATURAL GAS COMPA-
NY, a corporation, Defendant.

Civ. No. 66–80.

United States District Court
W. D. Oklahoma.

Oct. 6, 1966.

Lampkin & Wolfe, Oklahoma City,
Okl., for plaintiff.

Fowler, Rucks, Baker, Jopling, Gram-
lich & Mee, Oklahoma City, Okl., for de-
fendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The plaintiff, Joe Maddox, as an em-
ployee of Dresser Engineering Company
(Dresser), sustained an accident in Kan-
sas while working at a pipe line com-
pressor station of the defendant, North-
ern Natural Gas Company (Northern).
Northern, through its representatives,
communicated a written offer to the
plaintiff to settle any claim of the plain-
tiff against Northern arising from this
accident. Thereafter, the plaintiff en-
gaged a law firm in Oklahoma City to
represent him with reference to his in-
jury. The above written offer was not
accepted.

Thereafter, on November 2, 1965, a
conference was held in Oklahoma City
between the attorneys for the plaintiff
and an attorney and a claims specialist
representing the defendant. Plaintiff
asserts herein that at such conference an
oral settlement agreement was reached
between the parties hereto regarding his
injury. The plaintiff now seeks recov-
ery herein under this alleged oral settle-
ment agreement. Defendant asserts
herein that an oral settlement agreement
was not reached between the parties
hereto on November 2, 1965, for the

reason that a verbal offer made on behalf of the defendant on such occasion was rejected by the plaintiff and a meeting of the minds to settle the claim of the plaintiff against the defendant was not reached.

█ The evidence is in sharp conflict on the pivotal issue as to whether or not the parties herein reached an oral settlement agreement on November 2, 1965. The burden of proof to establish a settlement agreement rests on the party claiming the same. National Surety Co. v. Board of Education of City of Hugo, 36 Okl. 569, 129 P. 25. The evidence of the plaintiff is to the general effect that the defendant made an oral proposal or offer of settlement under a formula which provided that the defendant would pay the plaintiff $100.00 per day for any day he was confined in a hospital, one and one-half times the weekly salary received by the plaintiff for that period of time after he was released from the hospital and before he returned to work with a cut-off date of January 1, 1966, the payment of an amount equal to any workmen's compensation award which might be entered for the plaintiff against Dresser and its insurance carrier for permanent disability from said accident with the further agreement in connection with a workmen's compensation award that the defendant would hold the plaintiff harmless and indemnify him against any payment which may be required from the plaintiff to the workmen's compensation insurance carrier for Dresser, and, lastly, the covenant to pay all future medical expenses incurred by the plaintiff during his lifetime as a result of the accident involved herein which are found by a reliable physician to be connected with the same.

The testimony and argument of the plaintiff was to the effect that prior to the November 2, 1965, conference, his attorneys knew that in view of the relationship existing between the parties hereto and Dresser at the time of the accident and under the law the plaintiff had no legal claim which could be enforced against Northern but his legal recourse was exclusively under workmen's compensation against Dresser who had primary liability, Northern being only secondarily liable under workmen's compensation. The conference was a lengthy one occupying about an hour and a half in the morning and about thirty minutes after lunch. The plaintiff asserts that the proposed oral settlement offer of the defendant was acceptable to his attorneys; that they agreed to its terms and accepted the offer for him based on its several provisions except that the plaintiff would waive any provision for future medical expenses.

The evidence of the defendant was generally to the effect that it made the oral settlement offer or proposal on November 2, 1965, as outlined above, not knowing at the time that Northern had no liability to the plaintiff, but that the same was not agreeable to or accepted by the attorneys acting for the plaintiff; that in lieu of the oral settlement offer made by the defendant, the plaintiff through his attorneys, demanded the lump sum of $25,000.00 to settle his claim which sum would be discounted to $20,346.00 for a speedy settlement; that the plaintiff was not interested in his future medical expenses but desired to substitute for the same a lump sum payment therefor, and likewise desired to estimate the amount of his anticipated workmen's compensation award, both of which estimates, together with the amount payable for his time in the hospital (he was then out of the hospital) and his time out of the hospital computed to January 1, 1966, were apparently included in the speedy settlement figure, together with a figure of $600.00 mentioned by plaintiff's attorneys for future plastic surgery. Further, the evidence of the defendant is to the effect that this counter-offer of the plaintiff, was not agreed to or accepted by its representatives on behalf of the defendant and that its representatives left the conference with no settlement agreement being reached; that no letter, memorandum or contract containing a settlement agreement was prepared between

the parties or the preparation of same even discussed; that no check was drawn by the defendant to the plaintiff. The defendant placed in evidence a letter from it to the attorneys for plaintiff dated December 7, 1965, in which the defendant formally withdrew any and all previous offers made to the plaintiff.

From all the evidence it is undisputed that no written settlement agreement was executed by the parties or even prepared by anyone in any form. Also there is no contention made by the plaintiff that between November 2, 1965, and December 7, 1965, a new offer of settlement was made by Northern or that the November 2, 1965, offer of the defendant was accepted subsequent to November 2, 1965. Nor is the contention made by the plaintiff that the parties reached a settlement agreement after December 7, 1965, though there is evidence of settlement negotiations between the parties after that date. Thus, as aforesaid, the pivotal issue herein has to do with what occurred on November 2, 1965, considered in the light of all the circumstances, both before and after such date. After November 2, 1965, certain correspondence took place between the parties and the plaintiff furnished medical reports, all of which actions appear to be inconsistent with the position that a previous settlement agreement had been reached between the parties. By testimony elicited and in arguments herein by the plaintiff it seems that at the November 2, 1965, conference, the attorneys for the plaintiff stated that they thought the provision for lifetime medical expenses for the plaintiff would make the settlement agreement voidable under the statute of frauds, and further that the plaintiff might lose his right to a workmen's compensation award (not then obtained) if he settled beforehand with the defendant. These two statements made at the November 2, 1965, conference by plaintiff's attorneys also appear inconsistent with plaintiff's position herein that the oral settlement offer of the defendant was accepted by them for the plaintiff on November 2, 1965.

To constitute a contract, there must be an offer by one party and acceptance by the other party. Hartzell v. Choctaw Lumber Co. of Delaware et al., 163 Okl. 240, 22 P.2d 387. In order that a contract may be valid, it is essential that the minds of the parties meet upon all of the essential elements of the contract sought to be enforced, and the acts to be done must be clear and unambiguous. Frazier v. Powell, 169 Okl. 537, 37 P.2d 920 (1934); Cloud v. Winn (Okl.1956), 303 P.2d 305. In order that an offer and acceptance may result in a binding contract, the acceptance must be absolute, unconditional, and identical with the terms of the offer, and must in every respect meet and correspond with the offer; and any qualification of or departure from those terms invalidates and rejects the offer. Hartzell v. Choctaw Lumber Co. of Delaware et al., supra; Nabob Oil Co. v. Bay State Oil and Gas Co., 208 Okl. 296, 255 P.2d 513 (1953). Where a person offers to do a definite thing, and another accepts conditionally, or introduces a new term into the acceptance, his answer is a mere expression of willingness to treat, or it is a counter proposal, and in neither case is there an agreement. Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okl. 188, 192 P. 209 (1920).

From the evidence presented, the Court finds and concludes that the parties did not reach an oral settlement agreement regarding the claim of the plaintiff against the defendant on November 2, 1965. In this connection, the Court believes and finds from the evidence that the defendant made the offer as outlined above but that the same was not agreeable to or accepted by the plaintiff and a counter-offer was made by the plaintiff that the case be settled for the lump sum of $25,000.00 or discounted to $20,346.00 for a speedy settlement. The Court further finds and concludes that this constituted a counter-offer to the offer made by the defendant, which counter-offer the Court finds and concludes from the evidence was not agreed to or accepted by the defendant when

made or at any later date. The Court further finds that the settlement offers of the defendant made prior to and on November 2, 1965, were never accepted by the plaintiff either before or on November 2, 1965, or thereafter, and that on December 7, 1965, the defendant withdrew all settlement offers made to the plaintiff, and no settlement agreement thus was ever reached, nor was there ever a meeting of the minds on the same between the parties hereto.

The plaintiff, therefore, has failed to meet his burden of proof and is not entitled to recover herein against the defendant for breach of an alleged oral settlement agreement. Counsel for the defendant will prepare an appropriate judgment based on the foregoing and submit the same to the Court. Rule 58, Federal Rules of Civil Procedure, 28 U.S. C.A.