The UNITED STATES of America, for the Use of HARTER CONCRETE PRODUCTS, INC., a Corporation, Plaintiff,

v.

BUCKNER & MOORE, INC., a Corporation, and Safeco Insurance Company of America, a Corporation, Defendants,

v.

JERRY BOTCHLET MASONRY CONST. CO., a Corporation, Third-Party Defendant.

No. CIV–78–01108–D.

United States District Court, W. D. Oklahoma.

Dec. 18, 1979.

Opinion After Hearing Jan. 14, 1980.

**410**

Harvey L. Harmon, Jr., and Harvey L. Harmon, Sr., Oklahoma City, Okl., for plaintiff.

David A. Cheek and Kenneth N. McKinney, Oklahoma City, Okl., for defendants.

Clyde A. Lewis and Odie A. Nance, Oklahoma City, Okl., for third-party defendant Botchlet.

## ORDER

DAUGHERTY, Chief Judge.

The Third Party Defendant herein asserts that an oral settlement agreement was reached herein with the Plaintiff when Plaintiff offered to settle this controversy for $25,000.00 to be paid by Third Party Defendant, which offer the Third Party Defendant accepted. The Third Party Defendant has filed a Motion for Summary Judgment Specifically Enforcing (this) Settlement Contract. The Defendants/Third Party Plaintiffs join the Third Party Defendant in said Motion. In response to said Motion, Plaintiff denies the existence of a settlement agreement herein and requests summary judgment on said Motion.

■ The parties herein improperly utilize summary judgment procedure under Rule 56, Federal Rules of Civil Procedure, in this matter. Nor does the Court understand Plaintiff's reliance on Rule 54(b), Federal Rules of Civil Procedure.

If the parties unquestionably entered into a settlement agreement and the same is not invalid for some reason, the Court may summarily enforce the same in this proceeding. *Green v. John H. Lewis & Co.*, 436 F.2d 389 (3 Cir. 1971); *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33 (5 Cir. 1967); *Cummins Diesel Michigan, Inc.*

*v. The Falcon*, 305 F.2d 721 (7 Cir. 1962); *Reid v. Graybeal*, 437 F.Supp. 24 (W.D.Okl. 1977). However, if material facts concerning the existence of an agreement to settle are in dispute, the Court should hold a plenary hearing to determine the enforceability of an alleged settlement agreement rather than summarily enforce the same. *Pearson v. Ecological Science Corp.*, 522 F.2d 171 (5 Cir. 1975); *Reid v. Graybeal, supra.*

In the circumstances of this case as above related, a plenary hearing should be conducted with the first issue being whether the parties entered into a settlement agreement. The Third Party Defendant says they did. The Plaintiff denies this. The burden on this issue is on the Third Party Defendant. *Maddox v. Northern Natural Gas Co.*, 259 F.Supp. 781 (W.D.Okl.1966). If such a settlement agreement is found to have been entered into the burden is then on the Plaintiff to show that the same is tainted with invalidity such as fraud or mutual mistake under which both parties acted. *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242 (1948); *Mungin v. Calmar Steamship Corporation*, 342 F.Supp. 484 (D.Md.1972).

Hence, the Court must conduct a plenary hearing herein to determine if the alleged settlement agreement was made and if so if the same is invalid for some reason. If entered into and not invalid, the Court should enforce the same in this proceeding. If the settlement agreement was not entered into, there would be nothing for the Court to enforce in this proceeding.

Accordingly, the matters of whether there was a settlement agreement between the parties and if so the enforcement thereof in this proceeding is set for an evidentiary hearing on the 2nd day of January, 1980 at 10:30 a. m. As counsel of record for Plaintiff and Third Party Defendant will be witnesses at the above scheduled hearing, arrangements will be made for other counsel to appear for said parties at said hearing.

It is so ordered.

## OPINION AFTER HEARING

This is an action upon a payment bond brought by Use Plaintiff Harter Concrete Products, Inc. (Harter Concrete) under the Miller Act, 40 U.S.C. §§ 270a–270f, wherein it seeks to recover an amount that it alleges the above-named Defendants[1] owe it for materials furnished for the construction of a Squadron Flight Operations Facility at Tinker Air Force Base, Oklahoma City, Oklahoma. Harter Concrete claims that the Defendants owe it $37,405.20 and seeks a judgment against those parties for that amount plus interest, costs, and attorney fees. It is asserted that this Court has jurisdiction of the action pursuant to 40 U.S.C. § 270b.

On October 19, 1979, the Third Party Defendant filed a Motion entitled "Motion for Summary Judgment Specifically Enforcing Settlement Contract" asserting that an oral settlement agreement was reached herein with the Plaintiff when Plaintiff offered to settle this controversy for $25,-000.00 to be paid by Third Party Defendant, which offer Third Party Defendant accepted. The Defendants/Third Party Plaintiffs joined the Third Party Defendant in said Motion. In response to said Motion, Plaintiff denied the existence of a settlement agreement herein and requested summary judgment in its favor on said Motion. Thereafter, the Court entered an Order on December 18, 1979, finding that utilization of summary judgment procedure by the parties in this situation was improper and that a plenary hearing should be conducted in this case to determine whether there was a valid settlement agreement between the parties and if so, the enforcement thereof. Pursuant to said Order, an evidentiary hearing was conducted by the Court on January 2, 1980.

From the evidence adduced at said hearing, it appears that about 2:30 p. m. on April 23, 1979, Plaintiff's attorney placed a call to Third Party Defendant's attorney. Plaintiff's attorney stated that he was ini-tiating negotiations for a possible settlement for $25,000.00. Said call was not meant to be an offer to settle as Plaintiff wanted to first discuss any settlement with its banker. Third Party Defendant's attorney contends that this call was an offer to settle the case for $25,000.00 to which he replied that he would discuss the offer with his client and call Plaintiff's attorney. Neither party contends that a settlement agreement was reached during this call.

At about 5:30 p. m. on April 23, 1979, Third Party Defendant's attorney placed a call to Plaintiff's attorney. Plaintiff's attorney contends that Third Party Defendant's attorney made a firm offer to settle the case for $25,000.00 and, furthermore, that the terms of said agreement were discussed, to wit, that Third Party Defendant would tender a certified check for $25,-000.00 at 10:00 a. m. on April 24, 1979, and cancel depositions scheduled to take place at that time, and that Plaintiff would tender settlement papers. Plaintiff's attorney contends that the offer was not accepted during the 5:30 p. m. call as he had to contact his client prior to any settlement of the case. Third Party Defendant's attorney asserts that his call to Plaintiff's attorney at 5:30 p. m. was to accept Plaintiff's offer of 2:30 p. m. Furthermore, it is his contention that at the conclusion of the 5:30 p. m. call an oral settlement agreement was reached containing the terms set out above.

At 7:30 p. m. on April 23, 1979, Plaintiff's attorney placed a call to Third Party Defendant's attorney. Plaintiff's attorney contends that this call was intended to reject the offer of settlement made by Third Party Defendant's attorney at 5:30 p. m. Plaintiff's attorney stated that his client's rejection of the offer was due to the client's discussion with its banker on the matter of settling the case. Third Party Defendant's attorney contends that the 7:30 p. m. call was a "backout" call on the agreement reached at 5:30 p. m. Furthermore, he asserts that he did not assent to the "backout" on the agreement.

1. Defendant Buckner & Moore, Inc. is alleged to have been the prime contractor on the project. Defendant Safeco Insurance Company of America was Buckner & Moore, Inc.'s surety on the required payment bond pursuant to the Miller Act, 40 U.S.C. § 270a.

**412**

Finally, it is uncontroverted that at 10:00 a. m., April 24, 1979, a certified check was not tendered to Plaintiff and the deposition scheduled on that date took place. Settlement papers were not prepared and tendered.

 If the parties unquestionably entered into a settlement agreement and the same is not invalid for some reason, the Court may summarily enforce the same. *Green v. John H. Lewis & Co.*, 436 F.2d 389 (3 Cir. 1971); *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33 (5 Cir. 1967); *Reid v. Graybeal*, 437 F.Supp. 24 (W.D.Okl. 1977). In the instant action, the burden of proof to establish a settlement agreement rests on the Third Party Defendant. *Maddox v. Northern Natural Gas Co.*, 259 F.Supp. 781 (W.D.Okl.1966); *National Surety Co. v. Board of Education of City of Hugo*, 36 Okl. 569, 129 P. 25 (1912). Furthermore, the Third Party Defendant's burden includes proving each and every element essential to the agreement. *National Surety Co. v. Board of Education of City of Hugo, supra.* Therefore, the Third Party Defendant has the burden of proving that there was an offer by one party and an acceptance by the other. *Hartzell v. Choctaw Lumber Co. of Delaware*, 163 Okl. 240, 22 P.2d 387 (1933). Said acceptance must be absolute, unconditional and identical with the terms of the offer. *Nabob Oil Co. v. Bay State Oil and Gas Co.*, 208 Okl. 296, 255 P.2d 513 (1953); *Hartzell v. Choctaw Lumber Co. of Delaware, supra.* Finally, it is essential that the minds of the parties meet upon all essential elements of the agreement sought to be enforced. *Cloud v. Winn*, 303 P.2d 305 (Okl.1956); *Frazier v. Powell*, 169 Okl. 537, 37 P.2d 920 (1934).

 From the evidence presented, the Court finds and concludes that the Third Party Defendant has failed to meet its burden of proof to establish the alleged oral settlement agreement. The evidence concerning the events of April 23, 1979, is confused and conflicting as to which party, if either party, made an offer to settle the case, and which party, if either party, accepted the alleged offer to settle. The evidence of the events of April 24, 1979, however, is uncontroverted, that no certified check or settlement papers were tendered to either party, and the scheduled depositions took place at 10:00 a. m. These events significantly support the position that no settlement was reached on April 23, 1979. Third Party Defendant's Motion for Summary Judgment Enforcing Settlement Contract should be overruled for the reason that the Court is not satisfied that the parties had a meeting of the minds upon the subject matter at hand and entered into a settlement agreement.

It is so ordered.