**Sandy DITTO, Appellant,**

v.

**RE/MAX PREFERRED PROPERTIES, INC., an Oklahoma corporation; Norma Coppedge and Donna Graham, individually, Appellees.**

**Nos. 79173, Comp. w/78868.**

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 7, 1993.

See also 861 P.2d 1000.

Richard M. Healy and Randy P. Conner, Oklahoma City, for appellant.

Mona S. Lambird and Marcia A. Rupert, Oklahoma City, for appellees.

## MEMORANDUM OPINION

JONES, Presiding Judge.

This is a companion case to No. 78,868, also decided this date.

Sandy Ditto began working for appellee RE/MAX Preferred Properties, Inc. ("RE/MAX") in April, 1990. RE/MAX is a local franchisee of a national real estate brokerage organization.

In the fall of 1990, Ditto signed an "Independent Contractor's Agreement" ["the Agreement"] with RE/MAX. Appellee Norma Coppedge signed the Agreement on behalf of RE/MAX as "Broker." (Coppedge executed the agreement on September 20, 1990, and Ditto signed it on October 2; but, by its terms, the agreement became effective on September 20, 1990.)

RE/MAX discharged Ditto and terminated the Agreement on March 28, 1991. Ditto subsequently sued RE–MAX, Coppedge, and Donna Graham. Ditto cast her petition in five counts: (1) breach of contract, (2) negligent or intentional infliction of emo-

tional distress, (3) unsafe work place, (4) tortious interference with contract rights, and (5) conversion. Ditto alleged she was not timely paid her proper share of commissions due under the Agreement, or was not paid commissions at all; that Coppedge and Graham caused her emotional distress by treating her differently from other agents, and failed to protect her from the outrageous conduct of supervisors and co-workers; and that Coppedge and Graham converted the deposit which Ditto paid them when she first began working for RE/MAX.

Appellees moved to stay the trial court proceedings, and to compel arbitration of Ditto's claims, citing the following provision in the Agreement:

**MEDIATION.**

Contractor agrees that if any dispute regarding commissions or any other matter should arise between Contractor and any other RE/MAX Associate, Broker or Sales Office, such dispute will be referred to mediation for determination in the following manner:

A. Contractor will report such dispute in writing to the manager of RE/MAX and will give the manager his or her full cooperation in the manager's efforts to settle the dispute in as simple and amicable a manner as possible.

B. If, after all reasonable efforts, the manager is unable to effect a settlement acceptable to all parties to the dispute, the dispute will be referred to a mediation committee. Such committee will consist of three members of the RE/MAX Organization who shall be selected by RE/MAX <u>Manager/Broker</u> from a representative pool of RE/MAX Sales Agents. Each party to the dispute shall appear personally and state his or her case in as clear and concise a manner as possible. The decision of the mediation committee shall be final and binding on all parties concerned.

[Rec. 15; Uniform Independent Contractor's Agreement, p. 5.[1]]

**1.** Citations to the original record in this case refer to the instruments compiled in the com-

The trial court's denial of that motion is the subject of the companion appeal. On the present appeal, Ditto contends that the trial court erred in granting a subsequent motion by appellees for appointment of the American Arbitration Association as substitute arbitrator, which order also stayed further proceedings pending arbitration.

■ Appellees have filed a motion to dismiss this appeal. The Supreme Court deferred decision on the motion until the merits stage. Appellees contend that the trial court order granting the motion for appointment of arbitrator and staying further court proceedings is not an appealable order. We are constrained to agree.

Our appellate jurisdiction is limited to review of judgments, final orders, and interlocutory orders. 12 O.S.1991 § 952. Clearly, the present case does not involve a judgment. Neither does the instant order qualify as a "final order" under § 952(b)(1): the order did not "determine[ ] the action and prevent[ ] a judgment" and was not made in a special proceeding or on summary application after judgment. 12 O.S. 1991 § 953.

■ We also hold that the instant order is not an interlocutory order appealable by right under 12 O.S.1991 § 952(b)(2). The order is not one which "discharges, vacates, or modifies or refuses to vacate or modify a provisional remedy" affecting the substantial rights of a party. *Id.*

The Uniform Arbitration Act, 15 O.S. 1991 §§ 801–18, includes a specific provision authorizing the trial court, upon application of a party, to appoint an arbitrator "if the agreed method [for appointment] fails or for any reason cannot be followed." 15 O.S.1991 § 804. In the present case, the trial court initially refused Appellees' request for referral to arbitration, ruling that the agreed method for appointment of arbitrators was unenforceable, because it would have permitted one of the disputants (i.e., RE/MAX and/or Coppedge) to select the arbitrators, and would have denied Dit-

panion case, *Ditto v. RE/MAX Preferred Properties, Inc., et al.,* 861 P.2d 1000.

to any voice in the selection process. In the companion case, we have affirmed the trial court's decision.

■ The Act specifically allows for appeal of a decision denying an application to compel arbitration. 15 O.S.1991 § 817(A)(1); *Long v. DeGeer*, 753 P.2d 1327 (Okla.1987). However, there is no corresponding provision in the Act which authorizes an immediate appeal of a trial court decision to *grant* referral to arbitration.

■ The issues relating to existence of an enforceable agreement to arbitrate, as well as questions of arbitrability of disputes, are matters, respectively, for the trial court and the arbitrator to determine in the first instance. 15 O.S.1991 §§ 803(A), 803(B); *see Gold Coast Mall, Inc. v. Larmar Corp.*, 298 Md. 96, 468 A.2d 91 (1983). The Act's appeal provisions clearly contemplate that any issue arising in the course of a *successful* motion to compel arbitration, and any question of arbitrability, may be addressed upon appeal from judgment or decree entered upon the arbitrator's decision, or from the trial court's decision confirming (or refusing to confirm) the arbitrator's decision. 15 O.S. 1991 § 817(A)(3)–(6).

In the absence of an appealable order, the appeal is DISMISSED.

HANSEN, C.J., and ADAMS, J., concur.